**In re HUPP INDUSTRIES, INC., Debtor.**

**HUPP INDUSTRIES, INC., Plaintiff,**

v.

**ENVIRONMENTAL PRODUCTS AMALGAMATED PTY., INC., Defendant.**

**Bankruptcy No. B91–16229. Adv. No. B93–1082.**

United States Bankruptcy Court, N.D. Ohio, E.D.

July 2, 1993.

David H. Wallace, Kelley, McCann & Livingstone, Cleveland, OH, for plaintiff.

Ralph Brubaker, Squire, Sanders & Dempsey, Cleveland, OH, for defendant.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

In this proceeding, the Court must determine whether an international commercial dispute should be submitted to arbitration or adjudicated in the Bankruptcy Court. Following a hearing on the motion of Defendant Environmental Products Amalgamated Pty., Ltd. (EPAP) to compel arbitration, the following findings of fact and conclusions of law are herein made:

## I.

The facts are generally undisputed. On June 24, 1991, Plaintiff Hupp Industries, Inc. (The Debtor), an American corporation, and EPAP, an Australian corporation, entered into a written contract designated as a "Tolling Agreement" wherein EPAP allegedly agreed to ship partially completed refrigerant recovery and recycling equipment to the Debtor, and the Debtor allegedly agreed to complete the manufacture of the unfinished recycling equipment for marketing and sale under EPAP's "Skye" product name.

On April 30, 1992, EPAP filed a proof of claim in the Debtor's bankruptcy case in an "unliquidated sum in excess of $1,000,-000.00". Purportedly, this proof of claim is related to certain alleged obligations the Debtor incurred under a certain License Agreement executed between the parties on June 24, 1991. Thereunder, the License Agreement purports to grant the Debtor an exclusive license to utilize certain technical knowledge and information, and to manufacture and market certain refrigerant recovery and recycling equipment premised on such knowledge and information throughout the United States and Canada under the Debtor's brand name "Protocol".

With regard to these two Agreements, the Debtor filed its Complaint for Turnover of Property, For Breach of Contract, For Rescission, For Fraud, For Conversion, Objecting to Claim, and For Disallowance of Claim and For Estimation of Claim. In response, Defendant EPAP filed its Motion To Compel Arbitration And For Stay Pending Arbitration.

## II.

Essentially, the underlying action is a noncore jurisdiction breach of contract action, as the subject Agreements did not arise in or under Title 11 of the United States Code. See, 28 U.S.C. § 1334. Certain prongs of the Complaint, however, (i.e., set-offs, objection to claim, and claim estimation) are clearly within the Court's core jurisdiction. Id.; 28 U.S.C. § 157(b)(2). As the principal action is one

of breach of contract, a prudent course of resolving the matter would be to adjudicate the breach of contract matter prior to addressing those matters within the Court's core jurisdiction. This issue has not been addressed by the Sixth Circuit.

■ Under Rule 9019(c) of the Bankruptcy procedural rules, the submission of a matter to arbitration contemplates an agreement by the affected parties. Rule 9019(c), nor any other procedural rule in bankruptcy, precludes the submission of a matter to arbitration absent an agreement. Both the License Agreement and the Tolling Agreement executed between these parties clearly contain provisions for arbitration of all disputes related to this matter. (See § 7.7 of the Licensing Agreement and § 8.4 of the Tolling Agreement):

§ 7.7 License Agreement:

Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, *shall* be settled by arbitration in Cleveland, Ohio in accordance with the Commercial Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. (Emphasis added.)

From the above-quoted language, it is clear that the Debtor and EPAP agreed in writing to submit all such disputes to binding arbitration.

■ As indicated above, the Debtor is a U.S. corporation, while EPAP is an Australian corporation. As such, the Convention on the Recognition and Enforcement of Foreign Arbitral Awards mandates arbitration of the claims and counterclaims asserted herein. Notably, both the United States and Australia are signatories to this particular convention. See, 9 U.S.C. 201–202. Article II of the Convention provides in pertinent part:

1. Each contracting state shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a matter capable of settlement by arbitration.

■ Furthermore, The Federal Arbitration Act also places the subject dispute within the scope of matters to be addressed by arbitration. Therein, at Section 2, the following is noted in pertinent part:

A written provision in any ... contract evidencing a transaction, involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. 9 U.S.C. 2.

Collectively, the above provisions present clear authority for submission of this matter to arbitration. Moreover, there exists a strong federal policy favoring arbitration which is to be ignored only where the party opposing arbitration presents a clear conflict with another federal statute. *See, Rodriquez de Quijas v. Shearson/American Express, Inc.,* 490 U.S. 477, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989) (predispute agreement to arbitrate claims under the Securities Act of 1933 is enforceable). Further, the Third Circuit has addressed the subject issue. *In Hays and Company v. Merrill Lynch,* 885 F.2d 1149 (3d Cir.1989), the Court, overruling its earlier decision in *Zimmerman v. Continental Airlines, Inc.,* 712 F.2d 55 (3d Cir.1983), held that a bankruptcy court should enforce an arbitration clause regarding a noncore matter unless the enforcement would seriously jeopardize the objectives of the Bankruptcy Code. *See also, In re Midwest Communication Corp.,* 144 B.R. 354 (Bankr.E.D.Ky. 1992) (enforcing arbitration clauses absent of a finding that the enforcement conflicts with the underlying purpose of the Bankruptcy Code). At bar, submission of the aforesaid noncore matters to arbitration presents no conflict with the Bankruptcy Code or any other federal statute. More specifically, submission of this matter to arbitration will not jeopardize the objectives of the Code.

The federal policy favoring arbitration applies with special force in the field of international commerce.[1] As recently as 1985, the U.S. Supreme Court opined that international arbitration agreements should be enforced even though the enforcement is in conflict with federal statutes. *Mitsubishi Motors Corp. v. Soler Chrysler Plymouth, Inc.*, 473 U.S. 614, 105 S.Ct. 3346, 3357, 87 L.Ed.2d 444 (1985). *See also, Scherk v. Alberto–Culver, Co.*, 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974) (International arbitration clause held enforceable when in conflict with federal security laws); *The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) (forum selection clause in international commercial contract enforced). In those cases, the U.S. Supreme Court's holding was premised on policy arguments addressing international comity, respect for the capacities of foreign and transnational tribunals, and the need of the international commercial system for predictability in the resolution of disputes. Additionally, a number of Bankruptcy Courts have enforced international arbitration clauses, while staying the bankruptcy proceeding. *See, Societe National Algérienne v. Distrigas Corp.*, 80 B.R. 606 (D.Mass.1987); *In re R.M. Cordova International, Inc.*, 77 B.R. 441 (Bankr.D.N.J. 1987); *In re Mor–Ben Insur. Markets Corp.*, 59 B.R. 194 (Bankr.S.D.Cal.1986), *aff'd.*, 73 B.R. 644 (9th Cir.B.A.P.1987); *In re Hart Ski Mfg. Co.*, 18 B.R. 154 (Bankr. D.Minn.1982), *aff'd.*, 711 F.2d 845 (8th Cir. 1983).

### Conclusion

In view of the above findings and conclusions, EPAP's Motion To Compel Arbitration is hereby granted, and the above-styled adversary proceeding is hereby stayed pending arbitration.

IT IS SO ORDERED.

### *JUDGMENT*

At Cleveland, in said District, on this 2nd day of July, 1993.

A Memorandum Of Opinion And Order having been rendered by the Court in these proceedings,

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Environmental Products Amalgamated Pty. Ltd.'s motion to compel arbitration is granted, and the above-styled adversary proceeding is stayed pending arbitration.

---

1. "International Bankruptcy Disputes: A Brave New World", L.P. Harrison, III and I.Y. Chiag, Thirteenth Annual Bankruptcy Litigation Institute, Prentice Hall Law & Business (1992).