**In re COOKER RESTAURANT CORPORATION, et al.,**
Debtors.

**Cooker Restaurant Corporation, et al., Appellee,**

v.

**G. Arthur Seelbinder, et al., Appellants.**

Bankruptcy Nos. 01–56156, 01–56815, 01–56160.
Nos. C2–02–200, C2–02–220.
Adversary No. 01-2260.

United States District Court, S.D. Ohio, Eastern Division.

March 31, 2003.

Robert John Sidman, Vorys, Sater, Seymour & Pease, Columbus, OH, for Debtors.

Nick Vincent Cavalieri, Arter & Hadden, Columbus, OH, for defendants.

Victoria E. Powers, Schottenstein, Zox & Dunn, Columbus, OH, for Official Committee of Unsecured Creditors.

## OPINION AND ORDER

SARGUS, District Judge.

These related cases are before the Court for consideration of the appeal filed by G. Arthur Seelbinder and Kathy W. Hammer ("Appellants") from the Order of the Bankruptcy Court denying a stay in favor of arbitration, in Case No. C2–02–220. In Case No. C2–02–200, the Appellants seek a withdrawal of the reference to the Bankruptcy Court as to the same issues on which they seek arbitration. For the reasons that follow, this Court REVERSES the Order of the Bankruptcy Court denying the Appellants Motion to Stay Proceedings and to Compel Arbitration. The motion of the Appellants for an order from this Court withdrawing the reference to the Bankruptcy Court is DENIED as moot.

### I.

The petitioners have filed a Notice of Appeal challenging the decision of the Bankruptcy Court denying their Motion to Stay Proceeding and Compel Arbitration. On August 10, 2001, Cooker Restaurant Corporation ("Debtor") filed a complaint against Appellants in an adversary proceeding. In the Complaint, the Debtor demands monetary damages in the principle amount of $2,737,021.03 together with interest. The Complaint contends that the Debtor agreed to guarantee a $5,000,000 loan from a third party to Appellant G. Arthur Seelbinder. Thereafter, the loan was refinanced. The Debtor alleges that it guaranteed the loan in a principle amount of up to $6,250,000. As part of the refinancing, Appellant Kathleen Hammer became a co-obligor on the same loan.

In January of 2000, the Complaint asserts that the Appellants failed to make the required payments as set forth in the terms of the loan made by the Chase Manhattan Bank of New York. Several

months later, pursuant to the guarantee, the Debtor paid the remaining obligations on the loan. As part of a settlement agreement, the Appellants allegedly agreed to pay an adjusted principle amount of $2,737,021.03 together with interest at the rate of nine (9) percent, all payable to the Debtor.

As further detailed in the Complaint, the settlement agreement entered into by the Debtor and the Appellants required the payment of $15,000 on March 31, 2001 and June 30, 2001 and on each December 31st, March 31st and June 30th thereafter until maturity. In addition, the Appellants were required to pay $55,000 on September 30, 2001 and an equal amount on each September 30th thereafter until maturity. The Agreement also contained the following provision:

(f) *Governing Law; Arbitration.* This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, exclusive of its choice-of-law principles. Each of the parties agree that, except as otherwise provided in this Agreement, any dispute arising among them with respect to the subject matter of this Agreement shall be submitted to binding arbitration pursuant to the rules of the American Arbitration Association in Palm Beach County, Florida. In connection with any such arbitration, there shall be allowed such discovery, including the taking of depositions and propounding of interrogatories, as the arbitrator shall determine appropriate in light of the subject matter submitted.

Section 15, Settlement Agreement.

In response to the Complaint, the Petitioners filed a Motion to Stay the Proceedings and Compel Arbitration. The Bankruptcy Court held oral argument on the motion on December 12, 2000. The Court essentially relied upon the case of *In re*

*Nu–Kote Holding, Inc.,* 257 B.R. 855, 859 (Bankr.M.D.Tenn.2001) in finding that referral to arbitration and a stay of the proceedings was inappropriate. The Bankruptcy Court first found that under the analysis set forth in *Stout v. Byrider,* 228 F.3d 709, 714 (6th Cir.2000) in a non-bankruptcy context, the Appellants had established that the parties had agreed to arbitrate, and that the claims set forth in the Complaint were within the scope of the arbitration agreement. Nonetheless, the Bankruptcy Court adopted an eight factor analysis described in *Nu–Kote Holding, Inc.,* to find that an order of arbitration was unwarranted.

The Bankruptcy Court recognized that the claims raised by the Appellants in the Complaint were non-core matters, meaning claims not created by the Bankruptcy Code. *See generally Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The Bankruptcy Court emphasized two factors in support of its holding. First, the court found that the Appellants "admit that they have made no payments on the underlying obligation." (Bk.Ct.Order, p. 10, Jan. 31, 2002). Second, the court found that the enforcement of contractual arbitration provisions within the bankruptcy context permitted it to determine the effect that such proceeding might have upon the reorganization of the Debtor's estate through Chapter 11. (*Id.*)

Thereafter, the Appellants filed a timely appeal from this decision of the Bankruptcy Court.

**II.**

■ The parties agree that this Court has jurisdiction over final orders of the United States Bankruptcy Court for the Southern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 158(a)(1). Section 15(a) of the Federal Arbitration

Act, 9 U.S.C. § 1 *et seq.* provides for the immediate appeal of an order refusing a stay of an action in favor of arbitration or an order denying a petition to compel arbitration. To the extent the decision of the Bankruptcy Court is solely a matter of law, this Court conducts a *de novo* review. *In re National Gypsum Co.*, 118 F.3d 1056, 1065 (5th Cir.1997). To the extent this Court determines that the Bankruptcy Court's decision to deny the Motion to Arbitrate and Stay the Proceedings is discretionary, then this Court reviews such decisions under the abuse of discretion standard. *In re U.S. Lines, Inc.*, 197 F.3d 631, 640–41 (2d Cir.1999).

### III.

■ It is undisputed that the parties agreed to arbitrate and that the issues raised in the Complaint are within the scope of the arbitration provision of their settlement agreement. It is also undisputed that the matters alleged in the Complaint are non-core proceedings which implicate "a right created by *state* law, a right independent of and antecedent to the reorganization petition . . . ." *Marathon*, 458 U.S. at 84, 102 S.Ct. 2858 (emphasis added). Thus framed, the issue before this Court is whether a Bankruptcy Court has discretion to deny a motion to compel arbitration of a non-core dispute.

While neither the Supreme Court nor the Sixth Circuit has definitively addressed this issue, a number of circuits have reached the conclusion that bankruptcy courts, in virtually all instances, must compel arbitration regarding non-core proceedings, assuming that all other requirements of a binding arbitration agreement are present. Beginning with the case of

*Hays & Co. v. Merrill Lynch, Pierce, Fenner and Smith*, 885 F.2d 1149 (3rd Cir. 1989), the Third Circuit distinguished between mandatory arbitration of core and non-core proceedings. The court concluded:

> The question with which we are presented is whether the trustee is bound by that agreement signed by the debtor before entering Chapter 11 bankruptcy. We hold that the trustee-plaintiff stands in the shoes of the debtor for the purposes of the arbitration clause and that the trustee-plaintiff is bound by the clause to the same extent as would the debtor.

*Id.* at p. 1153.[1]

Thereafter, other courts of appeals have agreed that arbitration agreements in non-core proceedings are subject to arbitration, notwithstanding the filing of a Chapter 11 petition. *In the Matter of Gandy*, 299 F.3d 489, 494 (5th Cir.2002), the court noted, " . . . it is generally accepted that a bankruptcy court has no discretion to refuse to compel the arbitration of matters not involving 'core' bankruptcy proceeding under 28 U.S.C. § 157(b)." The Fifth Circuit reached the same conclusion in *In re National Gypsum*, 118 F.3d at 1065.

Two recent cases from the Second Circuit are also in accord. As the court concluded in *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 165 (2d Cir.2000):

> . . . the presumption in favor of arbitration generally will trump the lesser interest of bankruptcy courts in adjudicating non-core proceedings that could otherwise be arbitrated . . . . The unmistakable implication is that bankruptcy courts generally *do not* have the discretion to *decline* to stay *non-core* pro-

**1.** In *Hays & Co.*, the court also found that core bankruptcy proceedings, meaning those arising under specific provisions of the bankruptcy code, are not subject to arbitration.

Other courts have disagreed with this portion of the holding, although this matter is not at issue in the instant case. *E.g., In re National Gypsum*, 118 F.3d at 1067–68.

ceedings in favor of arbitration and they certainly have authority to grant such a stay. (Emphasis in the original).

The same Court reached a similar conclusion in *In re United States Lines, Inc.*, 197 F.3d 631, 640 (2nd Cir.1999).

Three courts of appeals have found that with regard to non-core proceedings, a bankruptcy court has no discretion to deny a stay and compel arbitration, assuming that the parties have in fact agreed to a valid and binding arbitration agreement. No court of appeals has held to the contrary. Further, in the recent case of *Javitch v. First Union Securities, Inc.*, 315 F.3d 619, 624 (6th Cir.2003), the Sixth Circuit cited *Hays & Company*, with approval. Although in *Javitch*, no party had filed for bankruptcy relief, the district court had appointed a receiver who contended that he should not be bound by an arbitration agreement signed by the corporation which he was appointed to control. The court disagreed. The Sixth Circuit reasoned that in actions brought by a trustee as a successor to the debtor's interest under 11 U.S.C. § 541, the trustee stands only in the shoes of the debtor and is subject to the same defenses as could have been asserted had the action actually been instituted by the defendant. This included an assertion by the opposing party that the matters at issue must be arbitrated. *Id.* at 625. It appears likely that the Sixth Circuit would, in the appropriate case, follow the holding in *Hays & Company*.

■ This Court starts with the observation that Congress has expressly indicated its strong support of arbitration as a method of resolving disputes. 9 U.S.C. § 1, *et seq.* As the Supreme Court noted in *Shearson/American Express, Inc. v.*

*McMahon*, 482 U.S. 220, 226, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987): "Like any statutory directive, the Arbitration Act's mandate may be overridden by a contrary congressional command." There may well be tension between the purposes of the Arbitration Act and the Bankruptcy Code, particularly in the case of a Chapter 11 reorganization which is premised upon centralization of assets and debts in the bankruptcy court for a proper restructuring of an ongoing business. Nonetheless, this Court finds, consistent with all of the courts of appeals which have addressed the issue that, in non-core proceedings, the policies expressed in favor of arbitration in the Arbitration Act are not overridden, either expressly or implicitly, by provisions of the Bankruptcy Code.

This Court is sympathetic to the concern of the Bankruptcy Court that the reorganization take place in the most efficient manner possible. While this is no doubt an important goal, the policies underlying the Arbitration Act are just as compelling, and in this instance, overriding. The arbitration provision in this case sets forth the applicable law, location of arbitration, and rules of discovery. The parties presumably bargained for such provisions, which should not be obviated by the filing of a Chapter 11 bankruptcy by only one of the parties to the agreement.

■ This Court finds that in non-core proceedings in which the parties do not dispute the making of an agreement to arbitrate, a bankruptcy court is without jurisdiction to deny a motion to stay the proceedings and compel arbitration.[2] The decision of the Bankruptcy Court is therefore **REVERSED,** the Motion to Stay Proceedings is **GRANTED,** and the par-

---

2. The Bankruptcy Court also indicated that arbitration was not appropriate in that the Appellants have not denied that they have failed to make payments on the agreement at issue in the Complaint.

ties are **ORDERED** to arbitrate the matters set forth in the Complaint filed by the Debtors against the Appellants. In light of this Court's determination that this matter should proceed to arbitration, the Motion to Withdraw the Referral is Case No. C2–02–200 is now **DENIED** as moot. The Appellant's Motion to Strike Portions of Appellee's Brief (Doc. # 5), Case No. C2–02–220 is **DENIED**. The Debtors Motion for Leave to File a Surreply (Doc. # 5), Case No. C2–02–200 is **GRANTED**. The Clerk shall remove both cases from this Court's list of active matters.

**IT IS SO ORDERED.**