In re DVI, INC., DVI Financial Services, Inc., and DVI Business Credit Corporation.

DVI Financial Services, Inc., as servicer for DVI Receivables XIV 2001–1, et al., Plaintiffs,

v.

National Medical Imaging, LLC, et al., Defendants.

Bankruptcy No. 03–12656.
Adversary No. 03–57568.

United States Bankruptcy Court, D. Delaware.

Feb. 3, 2004.

John C. Sirlan, Sirlan Gallogly & Lesser, P.C., Philadelphia, PA, for defendant.

Bradford J. Sandler, Raymond Howard Lemisch, Adelman Lavine Gold and Levin, P.C., David W. Carickhoff, Jr., Pachulski, Stang, Ziehl, Young & Jones, Michael P. Morton, Michael P. Morton, P.A., Richard Michael Beck, Stephanie Ann Fox, Klehr, Harrison, Harvey, Branzburg & Ellers, Wilmington, DE, for debtor.

David Michael Klauder, Office of the United States Trustee, Wilmington, DE, United States Trustee.

Francis A. Monaco, Jr., Joseph J. Bodnar, Monzack and Monaco, P.A., Michael G. Busenkell, Morris, Nichols, Arsht & Tunnell, Wilmington, DE, J. Andrew Rahl, Jr., Anderson, Kill & Olick, P.C., Michael J. Venditto, Kensinfton & Ressler, L.L.C., New York City, for Official Committee of Unsecured Creditors.

### OPINION [1]

MARY F. WALRATH, Bankruptcy Judge.

Before the Court is the Motion filed by the Defendants to dismiss for lack of juris-

---

1. This Opinion constitutes findings of fact and conclusions of law of the Court pursuant to

diction the complaint filed by DVI Financial Services, Inc. ("DVIFS"). For the reasons set forth below, the Motion will be granted.

## I. BACKGROUND

On August 25, 2003, DVI, Inc., DVIFS, and DVI Business Credit Corporation (collectively "the Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code. The Debtors are in the business of providing lease and loan financing to healthcare providers for the acquisition of sophisticated medical equipment. As part of the Debtors' business, the Debtors would often sell the leases and loans originated by them to separately incorporated special purpose vehicles commonly known as "Securitization Trusts." (See Complaint ¶¶ 19, 29.)

In establishing the Securitization Trusts, the Debtors retained the right to service the loans and leases that they contributed to the Securitization Trusts.[2] The Debtors were paid a servicing fee and were reimbursed for servicing related expenses. US Bank serves as the trustee for the Securitization Trusts.

On November 5, 2003, one of the Debtors, DVIFS, filed a complaint against National Medical Imaging, Inc., and Maury Rosenberg (collectively "the Defendants") alleging that the Defendants had defaulted on certain equipment leases. On December 3, 2003, the Defendants filed the Motion to Dismiss the Complaint asserting lack of jurisdiction, abstention, and improper venue. On December 17, 2003, DVIFS filed its response. On December 22, 2003, the Defendants filed their reply.

Federal Rule of Bankruptcy Procedure 7052.

2.  On January 2, 2004, the Debtors, U.S. Bank, the Ad Hoc Committee of Noteholders, Lyon Financial Services, Inc. and various other parties entered into a Settlement Agreement in which the Debtors assumed and assigned the servicing rights and obligations to Lyon Financial Services, Inc. as successor servicer, thereby, releasing the Debtors from all future obligations. The Settlement Agreement has not yet been approved.

## II. DISCUSSION

■ The Defendants seek dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7012(b).

■ The Bankruptcy Court's jurisdiction is based on section 1334(b) of title 28, which grants the Bankruptcy Court original but not exclusive jurisdiction, of all civil proceedings (1) "arising under" the Bankruptcy Code, (2) "arising in" a bankruptcy case, and (3) "related to" a bankruptcy case. 28 U.S.C. § 1334(a). "[A] proceeding to collect accounts receivable in which the underlying transaction occurred pre-petition is only 'related to a case under title 11' and is therefore, non-core." *Eastern Elec. Sales Co., Inc. v. Gen. Elec. Co.*, 94 B.R. 348 (E.D.Pa.1989) (citation omitted). *See also In re Charter Behavioral Health Sys., LLC*, 292 B.R. 36 (Bankr. D.Del.2003) (finding adversary proceeding to recover a pre-petition account receivable non-core).

■ Since this is a non-core proceeding involving accounts receivable, the Court may exercise jurisdiction only if the proceeding is "related to" the bankruptcy case. To determine whether a civil proceeding is "related to" a bankruptcy case, the Court must decide whether the "outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins (In re Pacor)*, 743 F.2d 984, 994 (3d Cir.1984), *overruled on other grounds by, Things Remembered Inc. v. Petrarca,*

516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). The plaintiff has the burden of establishing that a case is within the Court's jurisdiction. *In re Poplar Run Five Ltd. P'ship*, 192 B.R. 848, 855 (Bankr. E.D.Va.1995). "[J]urisdiction over non-bankruptcy controversies with third parties who are otherwise strangers to the civil proceeding and to the parent bankruptcy does not exist." *Pacor*, 743 F.2d at 994 (quoting *In re Haug*, 19 B.R. 223, 224–25 (Bankr.D.Or.1982)).

The Defendants argue that the Court lacks jurisdiction over this adversary because DVIFS' rights and interests in the loan and lease agreements were sold to the Securitization Trusts prior to the commencement of the bankruptcy proceedings. As a result, they argue that neither the loans, nor the amounts due under them that DVIFS seeks to collect, are property of the estate. *See, e.g., Leake v. Oakwood Acceptance Corp.*, 271 B.R. 778 (Bankr. W.D.Va.2002) (holding that the assignment of mortgage loan terminated party's interest, even though it retained servicing rights); *In re LiTenda Mortgage Corp.*, 246 B.R. 185 (Bankr.D.N.J.2000), *aff'd*, 276 F.3d 578 (3d Cir.2001) (holding that mortgage loans which chapter 7 debtor sold pre-petition were not property of the estate even though debtor retained servicing rights). The Defendants note that DVIFS brought this suit on behalf of the non-debtor Securitization Trusts merely as a servicing agent, not in its own right.

The Defendants argue that, since the accounts receivable have been sold and are no longer owned by DVIFS, this Court has no jurisdiction over them. "The bankruptcy court's jurisdiction does not follow the property, but rather, it lapses when the property leaves the debtor's estate."

*In re Hall's Motor Transit Co.*, 889 F.2d 520 (3d Cir.1989) (citation omitted). *See also Saul Ewing Remick & Saul v. Provident Sav. Bank*, 190 B.R. 771 (D.Del.1996) ("[A] court has 'related to' jurisdiction over property only when the property is part of the bankruptcy estate.").

DVIFS relies on *In re Titan Energy, Inc.*, a case in which the Court found jurisdiction where the asset, an insurance policy, was directly owned by the debtor and proceeds were used for payment of claims against the debtor. *In re Titan Energy, Inc.*, 837 F.2d 325 (8th Cir.1988).

That case is clearly distinguishable from the instant case. Here, DVIFS did not retain title to the loans, nor are the proceeds from collection of those loans available to pay its creditors. The Securitization Trusts, not DVIFS, hold legal and equitable title to the leases and loans. Moreover, as the servicing agent, DVIFS is asserting claims on behalf of the non-debtor Securitization Trusts, not in its own right. DVIFS has no direct claim against the Defendants.[3] *See e.g., New Horizon of N.Y. LLC v. Jacobs*, 231 F.3d 143 (4th Cir.2000), *cert. denied*, 532 U.S. 1052, 121 S.Ct. 2192, 149 L.Ed.2d 1024 (2001) (holding resolution of action could not affect the bankruptcy estates, and thus no "related to" jurisdiction, where the asset had been sold, the bankruptcy estate was not a party to the action, and the defendants were not debtors or creditors); *In re Golden Triangle Capital, Inc.*, 171 B.R. 79 (9th Cir. BAP 1994) (holding that debtor, a loan servicing agent, "was intended to be a mere conduit for the funds" which it received from the lender and, thus, those funds did not constitute property of the estate); *Saul Ewing*, 190 B.R. at 771

---

**3.** While DVIFS has a right to a servicing fee, that claim is against the Trust, not against the    Defendants.

(holding that court had no "related to" jurisdiction over mortgages transferred pre-petition).

■ DVIFS concedes that the accounts receivable it seeks to collect are not property of its estate. However, it argues that a proceeding "need not necessarily be against the debtor or against the debtor's property" to create "related to" jurisdiction. *Pacor,* 743 F.2d at 994. DVIFS argues that the Court has "related to" jurisdiction because this action satisfies the "any conceivable effect" test articulated in *Pacor.* "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.*

DVIFS argues that this adversary proceeding the *Pacor* test because DVIFS holds an equity and debt interest in the Securitization Trusts which it considers to be valuable assets of its estate. It asserts that upon liquidation of the Securitization Trusts and payment of the Trusts' creditors, DVIFS will be entitled to the remaining assets which will be available to pay its creditors. Therefore, it asserts that the estate has a significant interest in maximizing the collection of the accounts receivable which the Trusts own.

■ We disagree with DVIFS' broad assertion. A debtor may not invoke "related to" jurisdiction where the action "may have only speculative, indirect or incidental effect on the estate." *In re Inn on the Bay, Ltd.,* 154 B.R. 364, 367 (Bankr. S.D.Fla.1993) (citation omitted). The mere fact that DVIFS holds an equity interest in the Trusts is too tenuous and insufficient to confer jurisdiction on this Court. If DVIFS were correct, then the Court's jurisdiction would expand to include every claim by or against any entity in which any debtor owned stock. That is simply not true.

Consequently, we find that the funds sought to be collected are not property of the estate and the outcome of this adversary proceeding would have no direct effect on the DVIFS' bankruptcy estate. Therefore, we conclude there is no "related to" bankruptcy jurisdiction over this adversary proceeding.

## III. *CONCLUSION*

For the reasons set forth above, the Court lacks subject matter jurisdiction over this adversary proceeding and the Motion to Dismiss will be granted.

### *ORDER*

AND NOW, this **3RD** day of **FEBRUARY, 2004,** upon consideration of the Motion to Dismiss filed by National Medical Imaging, LLC, et al.; it is hereby

**ORDERED** that the Motion is **GRANTED.**