**In re Tony/Susan SHULTZ, Debtors.**

**No. 04–31058.**

United States Bankruptcy Court,
N.D. Ohio.

May 9, 2005.

Robert G. Young, Toledo, OH, for Debtors.

Anthony B. DiSalle, Toledo, OH, Standing Chapter 13 Trustee.

### MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion of the United States of Amer-

ica, on behalf of the Internal Revenue Service, for relief from the automatic stay. By way of its Motion, the Movant seeks to setoff a prepetition income-tax refund due the Debtors against a claim it holds against the Debtors for unpaid taxes. Prior to the time of the Hearing scheduled on this matter, it was submitted to the Court that no factual issues were in dispute, and thus the matter could be decided based solely upon the Briefs submitted by the Parties. The Court is now in receipt of these Briefs, and based upon a review of the arguments presented by the Parties, the Court finds that the Motion of the United States of America should be Denied. Beginning with the relevant circumstances giving rise to this matter, the reasons for the decision are as follows:

On February 21, 2004, the Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code. In their schedules, the Debtors' listed the Internal Revenue Service (hereinafter the "IRS") as holding an unsecured priority claim in the amount of $3,348.51. On June 7, 2004, the Debtors' proposed Chapter 13 Plan, which included a full repayment of the amount owed to the IRS as required by 11 U.S.C. § 1322(a)(2), was confirmed without objection.

On November 1, 2004, the IRS filed a motion for relief from stay seeking to offset its claim against the Debtors for back taxes against amounts owed to the Debtors as the result of a subsequent tax overpayment (i.e., a tax refund). The Debtors objected, taking the position that the IRS should immediately release those funds due to them as the result of their tax overpayment; while, at the same time, the Debtors espouse that they should be permitted to make, according to their confirmed plan, graduated payments to the IRS for the back taxes owed. In putting forth this position, the Debtors raised two points of law.

First, the Debtors argue that the IRS does not even have a right to setoff because, as is required for the right to exist, no mutuality exists between the obligations to be offset. Second, the Debtors put forth that the IRS is bound to the provisions of their confirmed plan wherein the IRS's claim is to be paid in full but over the course of the plan; and thus, in the absence of any default under the plan, the IRS cannot now seek to have its claim treated preferentially. After considering these arguments, the Court, for the reasons now explained, finds that the Debtors' second argument is both correct and completely dispositive of the matter now before the Court. Therefore, even operating under the assumption that the IRS does have a right to setoff, it is not entitled to relief from stay.

### LAW

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

### DISCUSSION

■ The legal issues before the Court involve both the matter of setoff and relief from stay. The determination of such matters are deemed core proceedings over which this Court has been conferred with the jurisdictional authority to enter final orders. 28 U.S.C. §§ 157(b)(2)(G)/(L); 1334.

■ The doctrine of setoff represents the right which one party has against an-

other to use his claim in full or partial satisfaction of what he owes to the other. *Baker v. Nat'l City Bank*, 511 F.2d 1016, 1018 (6th Cir.1975). Though the Bankruptcy Code does not create any right of setoff, it recognizes the right to the extent that it exists under nonbankruptcy law. *United States v. Myers (In re Myers)*, 362 F.3d 667, 670 (10th Cir.2004). Once the right is determined to exist, as is being assumed here, certain rights are then afforded to that creditor in bankruptcy; relevant here, a creditor possessing the right of setoff is afforded the same status as that of a secured creditor. 11 U.S.C. § 506(a). Yet, just like other secured creditors involved in a bankruptcy case, the IRS's right to setoff is subject to the automatic stay. 11 U.S.C. § 362(a)(7). And here, of the available grounds for relief from stay, the IRS argues that relief is appropriate under the "for cause" provision of 11 U.S.C. § 362(d)(1). (Doc. 16, pg. 3).

Aside from a lack of "adequate protection," the Bankruptcy Code does not clearly set forth the circumstances which may constitute "cause" for relief from stay. Because of this, the Sixth Circuit has held that the "courts must determine whether discretionary relief is appropriate on a case-by-case basis." *In re Trident*, 52 F.3d 127, 131 (6th Cir.1995). This approach the Court labeled, the "totality of the circumstances" test. *Id.* To this end, the IRS argues that "cause" exits to lift the stay because the Internal Revenue Code, 26 U.S.C. § 6402, provides it a right of setoff. (Doc. 16, p. 3). As taken from the language of its Motion: "The Service's right of set off under 11 U.S.C. § 553 and 26 U.S.C. § 6402 constitutes 'cause' for relief from the automatic stay under 11 U.S.C. § 362(d)(1)." But, as will now be seen, this is a bootstrap argument.

As already mentioned, in recognizing the right of setoff, the Bankruptcy Code simply provides the holder of such a right the same status as that of a secured creditor in bankruptcy. And while secured creditors are afforded certain rights, above and beyond that of other creditors—foremost among these being the right to be paid the full value of their collateral—secured creditors are not, by virtue of their secured status alone, entitled to relief from the stay based upon their secured status alone. 11 U.S.C. § 506. If they were, secured creditors could entirely exempt themselves from the bankruptcy process, a position which is completely at odds with whole structure of the Bankruptcy Code. To give but one example, § 1322(b)(2) allows a debtor to "modify the rights of holders of secured claims[.]"

By analogy then, the IRS is not entitled to relief from stay simply because it holds the right of setoff. What is especially illustrating here is that just recently the United States Congress enacted what it entitled the "Bankruptcy Abuse Prevention and Consumer Protection Act of 2005,"wherein major changes are effectuated to the present Bankruptcy Code. (Pub.L. No. 109–8; 107th Congress–Senate Bill S. 420). And as a part of this Act, to take effect on October 17, 2005, it is specifically provided that the IRS may setoff a mutual prepetition debt unless the court grants the taxing authority adequate protection. Specifically, this new section will provide:

(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay—

(26) under subsection (a), of the setoff under applicable nonbankruptcy law of an income tax refund, by a governmental unit, with respect to a taxable

period that ended before the order for relief against an income tax liability for a taxable period that also ended before the order for relief, except that in any case in which the setoff of an income tax refund is not permitted under applicable nonbankruptcy law because of a pending action to determine the amount or legality of a tax liability, the governmental unit may hold the refund pending the resolution of the action, unless the court, upon motion of the trustee and after notice and hearing, grants the taxing authority adequate protection (within the meaning of section 361) for the secured claim of that authority in the setoff under section 506(a)[.]

This new section thus essentially codifies the position now espoused by the IRS; and therefore, by negative implication, would be unnecessary if its interpretation of the current state of the law were correct. In this regard, Congress is presumed to know its own laws and the court's interpretation thereof. *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 185, 108 S.Ct. 1704, 100 L.Ed.2d 158 (1988).

Consequently, for these reasons, the Court will not relieve the stay simply because the IRS holds a right of setoff. Still, a question remains: Whether, in looking beyond its right of setoff, the IRS has established any basis for "cause" which would warrant relieving the stay?

■■■ The party seeking to establish the existence of "cause" for relief from the stay bears the initial burden of proof. *Schneiderman v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 109 (2nd Cir. 2002). Though "cause" is not defined, its existence, like those other Code provisions utilizing the "for cause" language, requires that a minimal threshold be met: that providing the relief would perceptibly further those ends sought by the Bankruptcy Code. In this matter, however, the IRS has not offered—and the Court could not discern—any basis as to how the aims of the Bankruptcy Code would be served by affording special treatment to the IRS beyond that already received by other secured creditors. To the contrary, an unignorable facet of this case points to the lack of any "cause" which would warrant relieving the stay.

■■■ The goal in a Chapter 13 bankruptcy is to formulate a plan of reorganization. Once a plan is formulated and then confirmed by the court, its provisions are final and binding— § 1327(a) sets forth that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." It follows then, that once a plan is confirmed, "cause" for relief from stay must be based upon postconfirmation circumstances, such as a default by the debtor under the terms of the plan. As has been stated in one form or another:

> a creditor must voice concerns, such as worries about adequate protection and the necessity of certain assets for a successful reorganization, before the confirmation. Once confirmation occurs, the creditor may not raise any issue that it could have raised before confirmation.

*Barry v. BA Properties, Inc. (In re Barry)*, 201 B.R. 820, 823 (C.D.Cal.1996). This has been termed the res judicata effect of plan confirmation.

■■■ The position taken, however, by the IRS simply does not mesh with the res judicata effect of plan confirmation. The Debtors' Chapter 13 plan, which was confirmed by this Court, has no provision providing the IRS with an immediate right of setoff. Instead, like those other credi-

tors, the Debtors' plan proposed to pay the IRS in deferred payments. And presently, the Debtors are not in default on this postconfirmation obligation. Additionally, it cannot be overlooked that the IRS did not even object to the Debtors' treatment of its claim despite receiving adequate notice thereof.

Therefore, with the Debtors at the present time fully performing their duties under the terms of their plan, and with the IRS not offering any postconfirmation facts in support of its entitlement to relief from stay, the weight of the evidence in this case simply does not support a finding that "cause" exists to lift the stay so that the IRS can proceed to exercise its right of setoff. And as its right of setoff does not, alone, provide a valid basis for relieving the stay, a finding in the IRS's favor is not appropriate at this time. In reaching the conclusions stated herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion of the United States of America, on behalf of the Internal Revenue Service, for Relief from the Automatic Stay, be, and is hereby, DENIED.