See also 2006 WL 620955.

**In re ARTER & HADDEN, LLP, Debtor.**

**Marc P. Gertz, Chapter 7 Trustee, Plaintiff,**

**v.**

**Echo Rock Ventures, LLC, Defendant.**

**Bankruptcy No. 03–23293.**
**Adversary No. 05–1620.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Jan. 31, 2006.

Robert S. Bernstein, The Bernstein Law Firm, P.C., Pittsburgh, PA, Amy L. Good, Cleveland, OH, for trustee.

Susan de Resendiz, Mark S. Melickian, Gardner, Carton & Douglas LLP, Chicago, IL, Robert Scott Lawrence, Collette, Erickson, Farmer & O'Neill LLP, San Francisco, CA, for Defendant.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Chief Judge.

Before the Court is the defendant Echo Rock Ventures, LLC's ("Echo Rock") motion to dismiss or, alternatively, to stay action pending arbitration and grant related relief. Upon an examination of the parties' respective briefs and supporting documentation and conducting a hearing on the matter, the following findings of fact and conclusions of law are hereby rendered:

\*

On September 10, 2002, attorneys from the Los Angeles, California office of Arter & Hadden, LLP (the "Debtor") agreed to perform legal services for Echo Rock, a California based company, regarding a worker's compensation claim. The Debtor later billed Echo Rock an amount that was allegedly greatly in excess of the amount originally quoted. Echo Rock disputed the billing amount with the Debtor, and later the Debtor's collection agency, and has not paid the disputed fees at this time.

An involuntary Chapter 7 petition was filed against the Debtor on October 6, 2003. On November 16, 2005, the Trustee commenced the above styled adversary

proceeding, seeking to recover for the unpaid amounts billed to Echo Rock, which constitute property of the Debtor's estate.

\* \*

■■■ Although there is no express arbitration agreement between the parties, Echo Rock argues that California's Mandatory Fee Arbitration Act (the "MFAA") applies to this case. The MFAA was proposed by the Board of Governors of the State Bar of California to create a mechanism for arbitrating disputes over legal fees and costs. *Aguilar v. Lerner*, 32 Cal.4th 974, 983, 12 Cal.Rptr.3d 287, 88 P.3d 24 (Cal.2004). "[T]he obligation to arbitrate under the MFAA is based on a statutory directive and not the parties' agreement. Thus, a client may invoke the MFAA and proceed to arbitration despite the absence of any prior agreement to do so. . . . [W]hereas a client cannot be forced under the MFAA to arbitrate a dispute concerning legal fees, at the client's election an unwilling attorney can be forced to do so." *Id.* at 984, 12 Cal.Rptr.3d 287, 88 P.3d 24. An award rendered pursuant to an arbitration under the MFAA is nonbinding, unless otherwise agreed by the parties in writing. *Id.* The Board of Governors of the State Bar of California has been granted the authority to rule, establish, maintain, and administer a system and procedure for the Mandatory Fee Arbitration system, with the assistance of local bar associations. WEST'S ANN. CAL. BUS. & PROF.CODE §§ 6200(a), (d).

The Trustee argues that the Debtor is excluded by § 6200(b)(1) of the MFAA, which states that:

(b) This article shall not apply to any of the following:

(1) Disputes where a member of the State Bar of California is also admitted to practice in another jurisdiction or where an attorney is only admitted to practice in another jurisdiction, and he or she maintains no office in the State of California, and no material portion of the services were rendered in the State of California.

WEST'S ANN. CAL. BUS. & PROF.CODE § 6200(b). The Trustee interprets this section to exclude two groups of attorneys: 1) attorneys admitted to practice in California who are also admitted to practice in another jurisdiction, and 2) attorneys who are only admitted to practice in jurisdictions other than California, who maintain no office in California, and who performed no material portion of the services in question in California. The Trustee argues that since the Debtor employed individual attorneys licensed in various states, including California, they are not attorneys solely licensed in California, and are therefore excluded by the MFAA.

Echo Rock, however, offers a different interpretation of § 6200(b)(1), arguing that the two groups of attorneys addressed in the statute are: 1) attorneys admitted to practice in California who are also admitted to practice in another jurisdiction, and 2) attorneys who are only admitted to practice in jurisdictions other than California. Echo Rock argues that attorneys in both of these groups are excluded from the MFAA if they maintain no office in California, and render no material portion of the disputed services. Because the Debtor maintained offices in California, and the services were allegedly rendered in California, § 6200(b)(1) would not apply to the present dispute.

■■■ Therefore, the Court must determine whether the MFAA applies to attorneys who are admitted to practice in California and who are also licensed to practice in another jurisdiction, who maintain an office in California, and who render services in California that become the subject of dispute. No case law has been prof-

fered or discovered which interprets § 6200(b)(1) in this regard.

A review of § 6200(b)(1), giving each word its ordinary and usual meaning, reveals that the statutory language can reasonably be interpreted to support both parties' positions. *E.g., Coburn v. Sievert,* 133 Cal.App.4th 1483, 1495, 35 Cal.Rptr.3d 596 (Cal.App.2005) ("The initial examination of the words and grammar of the statute may lead to the conclusion that the statutory language is ambiguous on its face. Ambiguous means 'susceptible to more than one reasonable interpretation.'").

■ Where statutory language is ambiguous, California courts have looked to other sources, "such as context, the object in view, the evils to be remedied, the history of the times and of legislation upon the same subject, public policy and contemporaneous construction." *E.g., MacIsaac v. Waste Management Collection and Recycling, Inc.,* 134 Cal.App.4th 1076, 1084, 36 Cal.Rptr.3d 650 (Cal.App.2005) (citations omitted); *Bivens v. Gallery Corp.,* 134 Cal. App.4th 847, 859–60, 36 Cal.Rptr.3d 541 (Cal.App.2005) (citations omitted) ("However, '[i]f the language is ambiguous, we may look to the history and background of the statute to ascertain legislative intent.' Such extrinsic evidence of the Legislature's intent, includes the ostensible 'public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.'"). The legislative history reveals no discussion on the specific issue raised in this matter.

■ "The MFAA was enacted in 1978 following an earlier finding by the Board of Governors of the California State Bar that fee disputes constituted the most serious problem between attorneys and their clients. 'The policy behind the mandatory fee arbitration statutes [was] ... to alleviate the disparity in bargaining power in attorney fee matters which favors the attorney by providing an effective, inexpensive remedy to a client which does not necessitate the hiring of a second attorney." *Law Offices of Dixon R. Howell v. Valley,* 129 Cal.App.4th 1076, 1086–87, 29 Cal.Rptr.3d 499 (Cal.App.2005) (citations omitted). Through the MFAA, the California legislature has expressed a "strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution." *Aguilar,* 32 Cal.4th at 983, 12 Cal.Rptr.3d 287, 88 P.3d 24.

■ After considering the purpose and operation of the MFAA, the Court finds that Echo Rock's interpretation of § 6200(b)(1) is the more reasoned view. The exception in § 6200(b)(1) prevents attorneys from being forced to adhere to the MFAA when the disputed fee arose out of services that were performed outside of California. For example, an attorney licensed in Ohio, who practices in Ohio, and who performed legal services in Ohio, would not be subject to the MFAA, merely because he or she has also been previously admitted to practice in California. Under the Trustee's interpretation, however, an attorney licensed in California, who maintains offices in California, and provides legal services in California, could permanently avoid the scope of the MFAA by gaining admission to practice in another state. It is obvious that such an attorney would otherwise be subject to the regulation of the State Bar of California. The MFAA provides a uniform process for the resolution of attorney-client fee disputes for legal services in California, and should not interpreted in a manner that would make the availability of such a process contingent on the out-of-state licensing of the attorney.

Echo Rock's interpretation is also consistent with the statement of the Orange

County Bar Association, which states on its website, "An attorney/client fee dispute can be arbitrated [through the Mandatory Fee Arbitration Program] if the attorney has an office in Orange County, or the majority of services were rendered in Orange County." OCBA–Fee Arbitration, http://www.ocbar.org/feearbitration .htm (last visited January 25, 2006); *see also Naegele v. Albers*, 355 F.Supp.2d 129, 141 (D.D.C.2005) (staying litigation in favor of arbitration under the California MFAA) ("Because the plaintiff is an attorney licensed to practice law in California and the events that gave rise to this fee dispute and the instant litigation also arose in California, the court stays the litigation of the attorney-client fee dispute pending the completion of arbitration in California.").

Lastly, the Trustee's arguments, as they related to him individually, are irrelevant. The Trustee is seeking to enforce the Debtor's rights, and therefore it is the applicability of the MFAA to the Debtor, and not to the Trustee, that is relevant. *See Javitch v. First Union Securities, Inc.*, 315 F.3d 619, 624 (6th Cir.2003); *Matter of Esco Mfg., Co.*, 33 F.3d 509, 514 (5th Cir. 1994) (citing *Hays and Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1154–62 (3rd Cir.1989)) (The Trustee "stands in the shoes of the debtor for purposes of the arbitration clause and that the Trustee-plaintiff is bound by the clause to the same extent as would be the debtor."); *In re Cooker Restaurant Corp.*, 292 B.R. 308, 312 (S.D.Ohio 2003); *McClarty for Fortney v. Gudenau*, 176 B.R. 788, 790 (E.D.Mich.1995) (citing 4 COLLIER ON BANKRUPTCY ¶ 541.10[1] (Lawrence P. King ed. 1994)) ("In all cases where the trustee seeks to assert or enforce the debtor's right of action against another, he stands in the debtor's shoes regarding defenses to the action.").

Accordingly, the MFAA applies to the Debtor, who was licensed in California (among other states), performed legal services to Echo Rock in California, and maintained an office in California.

\* \* \*

Initially, Echo Rock seeks a motion to dismiss, on the basis that the Debtor did not provide notice of Echo Rock's right to arbitrate pursuant to the MFAA. Pursuant to the MFAA,

(a) . . . an attorney shall forward a written notice to the client prior to or at the time of service of summons or claim in an action against the client . . . The written notice shall be in the form that the board of governors prescribes, and shall include a statement of the client's right to arbitration under this article. Failure to give this notice shall be a ground for the dismissal of the action or other proceeding. . . .

. . . the client's failure to request arbitration within 30 days after receipt of notice from the attorney shall be deemed a waiver of the client's right to arbitration under the provisions of this article.

WEST'S ANN. CAL. BUS. & PROF.CODE § 6201(a). Echo Rock argues that since the Debtor did not give notice that Echo Rock could seek arbitration under the MFAA prior to filing the pending adversary action, the Court should dismiss the Trustee's claim according to the terms of § 6201(a).

■■■■ Contrary to the arguments of Echo Rock, even if the Debtor failed to provide the requisite notice, § 6201(a) merely provides that such failure is a "grounds for dismissal," and does not mandate dismissal. *Law Offices of Dixon R. Howell*, 129 Cal.App.4th at 1090, 29 Cal. Rptr.3d 499. ("Accordingly, we conclude that dismissal under the MFAA is discretionary and the court misperceived that it

was required to dismiss the case due to Law Firm's noncompliance with section 6201(a)'s notice requirements."). In this case, such relief is unwarranted, especially given the threshold questions regarding the applicability of the MFAA to the Debtor. Echo Rock does not allege that the Debtor acted in bad faith, nor has it alleged that it has suffered any prejudice on the basis of the Debtor's failure to provide notice. Echo Rock has provided no other grounds upon which the Trustee's case should be dismissed.

Therefore, Echo Rock has not shown the Trustee's complaint should be dismissed under the terms of the MFAA.

\* \* \* \*

 Alternatively, Echo Rock seeks stay relief in order to pursue arbitration in California. Echo Rock, as the party seeking relief from the automatic stay, has the burden of showing that such relief is warranted. *See, e.g., In re Shultz,* 325 B.R. 197, 201 (Bankr.N.D.Ohio 2005) ("The party seeking to establish the existence of 'cause' for relief from the stay bears the initial burden of proof."). Having determined that Echo Rock may seek arbitration pursuant to the MFAA, the Court must next determine whether it has discretion to deny enforcement of the MFAA. An important factor in this determination is whether the complaint of the Trustee presents a core or noncore matter. *See, e.g., In re Oakwood Homes Corp.,* 2005 WL 670310, \*3 (Bankr.D.Del.2005) ("While it is clear that bankruptcy courts do not possess discretion with respect to enforcement of an arbitration clause in a non-core adversary proceeding, it does appear manifest that such discretion exists with respect to core adversary proceedings."); *In re Mirant Corp.,* 316 B.R. 234, 237–38 (Bankr.N.D.Tex.2004) (quoting *Ins. Co. of N. Am. v. NGC Settlement Trust & Asbestos Claims Mgmt. Corp. (In re Nat'l Gypsum Co.),* 118 F.3d 1056 (5th Cir. 1997)) ("[W]e believe that nonenforcement of an otherwise applicable arbitration provision turns on the underlying nature of the proceeding, i.e., whether the proceeding derives exclusively from the provisions of the Bankruptcy Code and, if so, whether arbitration of the proceeding would conflict with the purposes of the Code.").

 Although the Trustee asserts that this matter involves a proceeding to turn over property of the estate, the Trustee's complaint is entitled "Complaint for Breach of Contract, on Account," and does not seek to enforce any section of the Bankruptcy Code. It is undisputed that the amount that the Debtors are owed by Echo Rock is subject to a bona fide dispute that arose prepetition, and is therefore not a turnover action. *In re Groggel,* 333 B.R. 261, 268 (Bankr.W.D.Pa.2005) ("The Court disagrees with such position by the Trustee, however, because (a) the Trustee's claims against Horsley constitute nothing more than garden variety contract claims, that is claims wherein the right to property-i.e., money-is in dispute, and (b) 'actions seeking a turnover of assets whose title is in dispute can only constitute, at the most, noncore rather than core proceedings given that such actions are not true turnover actions within the meaning of [11 U.S.C.] § 542(a) and 28 U.S.C. § 157(b)(2)(E).' "); *In re United Sec. & Communications, Inc.,* 93 B.R. 945, 958 (Bankr.S.D.Ohio 1988) (quoting *Acolyte Elec. Corp. v. City of New York,* 69 B.R. 155, 175 (Bankr. E.D.N.Y.1986)) ("When a bona fide dispute exists as to liability involving state law, then the proceeding cannot be core under § 157(b)(2)(E). In this adversary proceeding there is a legitimate dispute as to whether [the debtor] is entitled to recover the funds claimed due under the contract. Since a resolution of this action, involves a state law determination of the defendant's

liability under the contract, it is a step away from a true § 542 turnover proceeding and, therefore, does not constitute a core proceeding under § 157(b)(2)(E)."); *Matter of Commercial Heat Treating of Dayton, Inc.,* 80 B.R. 880, 890 (Bankr. S.D.Ohio 1987) ("To the extent that a BONAFIDE dispute exists with regard to the existence of an identifiable fund or res, a proceeding to recover that res is not a turnover within the meaning of BAFJA unless and until the existence, magnitude and identity of the res are first established.").

The Trustee's complaint is a breach of contract action to recover payment for legal services performed by the Debtor. Letters between the Debtor and Echo Rock evidence that the agreement, the performance of legal services, and Echo Rock's dispute of the fee billing all arose prepetition. Therefore, this dispute involves a noncore, related matter. *In re Durango Georgia Paper Co.,* 309 B.R. 394, 399 (Bankr.S.D.Ga.2004) (citing *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982)) ("It seems well settled that an adversary complaint to recover a prepetition account receivable where the defendant did not file a proof of claim is not a core proceeding."); *In re Coho Energy, Inc.,* 309 B.R. 217, 222 (Bankr. N.D.Tex.2004) ("This is an action seeking damages for pre-petition breaches of prepetition contracts and for pre-petition tortious conduct, and it is a non-core proceeding which neither arises in nor under title 11."); *In re DVI, Inc.,* 305 B.R. 414, 416 (Bankr.D.Del.2004) ("[A] proceeding to collect accounts receivable in which the underlying transaction occurred pre-petition is only 'related to a case under title 11' and is therefore, non-core."); *In re Hughes–Bechtol, Inc.,* 132 B.R. 339, 345 (Bankr. S.D.Ohio 1991) (quoting *Matter of Commercial Heat Treating of Dayton, Inc.,* 80

B.R. at 890) ("a proceeding to collect a prepetition account receivable that is subject to a BONAFIDE dispute is a non-core proceeding."); *In re United Sec. & Communications, Inc.,* 93 B.R. at 957 ("The clear majority, and better-reasoned, view is that state law, contract-type actions, such as the lawsuit before the Court here, which literally fall within the broad catch-all language of 28 U.S.C. § 157(b)(2)(A) and (O), are noncore, 'related' proceedings.").

Since it involves a noncore matter, this Court does not have discretion to deny enforcement of arbitration under the MFAA, unless such enforcement is in direct conflict with the Bankruptcy Code or other federal statute. *See In re Cooker Restaurant Corp.,* 292 B.R. at 312 ("Nonetheless, this Court finds, consistent with all of the courts of appeals which have addressed the issue that, in non-core proceedings, the policies expressed in favor of arbitration in the Arbitration Act are not overridden, either expressly or implicitly, by provisions of the Bankruptcy Code. . . . This Court finds that in non-core proceedings in which the parties do not dispute the making of an agreement to arbitrate, a bankruptcy court is without jurisdiction to deny a motion to stay the proceedings and compel arbitration."); *In re Hupp Industries, Inc.,* 157 B.R. 360, 362 (Bankr. N.D.Ohio 1993) ("At bar, submission of the aforesaid noncore matters to arbitration presents no conflict with the Bankruptcy Code or any other federal statute.").

■ The Trustee's arguments that arbitration in this case is implied by state law under the MFAA, and not a written agreement as required by the Federal Arbitration Act ("FAA"), are misguided. Whether enforced through the FAA, or implied by California law, Echo Rock had the power to seek arbitration against the

Debtor. California enjoys the "broad power to regulate 'the practice of professions within their boundaries,' and '[t]he interest of the States in regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been "officers of the courts." ' " *In re Primus*, 436 U.S. 412, 422, 98 S.Ct. 1893, 56 L.Ed.2d 417 (1978). The Trustee argues that arbitration would force him to travel to California, bearing significant expense for an insignificant amount of money (about $8000 of fees are in dispute). Additionally, even if applied, arbitration under the MFAA would not necessarily be binding on the Trustee. Although the Trustee has given valid, persuasive reasons why arbitration would be costly to the Debtor's estate, such inconvenience does not override "California's substantial interest in providing clients with prophylactic tools to deal with attorney-client fee disputes." *Naegele v. Albers*, 355 F.Supp.2d at 141. The California legislature's decision to give Echo Rock, the client, the ability to force arbitration on an unwilling attorney should not be denied by this Court where there is no conflict with the Bankruptcy Code or federal law. *In re Anthony*, 334 B.R. 780, 787 (Bankr.N.D.Miss.2005) (citing *In re Gandy*, 299 F.3d 489 (5th Cir.2002)) ("As such, pursuant to the *Gandy* decision, this court does not have the discretion to refuse to compel arbitration since the arbitration agreements are enforceable according to their terms under state law."); *In re Caraballo Rivera*, 328 B.R. 12, 16 (Bankr. D.P.R.2005) ("The provisions of the Bankruptcy Code preempts only those State laws that are in conflict with federal law."); *In re Tate*, 253 B.R. 653, 670 (Bankr. W.D.N.C.2000) ("Federal bankruptcy preempts state law, but only to the extent that there is an actual conflict between the two.").

■ Finally, the Trustee argues that the Court may nonetheless allow proceedings to continue in this Court if "the matter is not appropriate for arbitration under the provisions of this article." WEST'S ANN. CAL. BUS. & PROF.CODE § 6201(c). This provision, however, is not applicable to in this instance. "This sentence implies an authority and discretion in the trial court to determine an action, or a portion of an action, is not appropriate for arbitration.... This matter involves an attorney-fee dispute, which is precisely the purpose of the MFAA. The attorney fee arbitration procedure is expressly applicable to disputes concerning fees charged for professional services rendered. The claim by respondent for fees owed is clearly amenable to arbitration within the meaning of this section." *Loeb & Loeb v. Beverly Glen Music, Inc.*, 166 Cal.App.3d 1110, 1116, 212 Cal.Rptr. 830 (Cal.App.1985).

Therefore, Echo Rock has shown that stay relief should be granted in order to pursue arbitration against the Debtor pursuant to the MFAA.

\* \* \* \* \* \*

Accordingly, Echo Rock's motion to dismiss is not well-premised, and is hereby denied. Echo Rock's motion to stay action pending arbitration, however, is well-premised and is hereby granted. Each party is to bear its respective costs.

**IT IS SO ORDERED.**