29 Cal.Rptr.3d 499 (2005)
129 Cal.App.4th 1076
LAW OFFICES OF DIXON R. HOWELL, Plaintiff and Appellant,
v.
Michael W. VALLEY, Defendant and Appellant.
No. H027422.
Court of Appeal, Sixth District.
May 27, 2005.
*502 Gordon J. Finwall, San Jose, Finwall Law Offices, for Plaintiff and Appellant.
John Michael O'Connor, Los Angeles, Law Offices of John Michael O'Connor, for Defendant and Appellant.
RUSHING, P.J.
The Mandatory Fee Arbitration Act (MFAA), under Business and Professions Code section 6200 et seq., provides a quick and inexpensive method for clients, at their option, to resolve fee disputes with their attorneys.[1] In this case, we consider whether a client may assert his MFAA *503 arbitration rightswithout actually availing himself of arbitrationto delay and ultimately prevent the resolution of a fee dispute with his former attorney. Under section 6201, subdivision (a) (§ 6201(a)), the attorney must provide written notice of the client's right to arbitration under the MFAA at or before the time the attorney serves a lawsuit on the client. As our Supreme Court has recently observed, "in the typical MFAA case, the client receives [the section 6201(a) notice] and thereafter expressly chooses either to proceed under the MFAA or not." (Aguilar v. Lerner (2004) 32 Cal.4th 974, 989, 12 Cal.Rptr.3d 287, 88 P.3d 24.) The case before us, however, is far from the "typical MFAA case."
The Law Offices of Dixon R. Howell, doing business as Business Law Group (Law Firm or Firm) sued Michael W. Valley (Client) on a promissory note that he had signed to memorialize an obligation for unpaid fees. Client's answer alleged a defense of estoppel based on Law Firm's failure to give the requisite section 6201(a) notice. The lawsuit proceeded over the course of almost 15 months without any assertion by Client that he wished to arbitrate the fee dispute. The court denied Law Firm's motion for summary judgment because of its noncompliance with section 6201(a). Six days later, on the eve of trial, the court granted Client's ex parte motion in limine to dismiss the complaint. Client thereafter moved for an award of attorney fees of approximately $44,000 (i.e., nearly one and one-half times the amount in controversy in the action); the court granted the motion but awarded fees of $12,000. Law Firm appealed the dismissal of the action and Client appealed the fee order.
We are required to determine whether the court below applied the proper criteria in deciding Client's motion to dismiss. Since we conclude that the trial court dismissed the action based upon the erroneous view that dismissal was mandatory because of Law Firm's failure to give notice under section 6201(a), we reverse. After determining that reversal is required, we examine de novo the propriety of the court's denial of Firm's motion for summary judgment. We hold that there was no triable issue of material fact and that Client waived his defense of lack of notice under section 6201(a). Summary judgment therefore should have been granted.

PROCEDURAL HISTORY
Law Firm filed its complaint for breach of written contract on November 19, 2002. The complaint alleged that Client executed a promissory note in favor of Firm on April 1, 2002, and that Client breached his obligations under the note by failing to pay the sum of $33,137.50 plus interest.
Client filed a general denial to the complaint on January 3, 2003. His response included 25 affirmative defensesmany of which appear to have had no application to the caseincluding a defense captioned "Estoppel" that read: "Defendant alleges that the Complaint, and each cause of action alleged therein, are barred and plaintiff is estopped from obtaining any recovery from this answering defendant because plaintiff has failed to comply with Business and Professions Code [section] 6201."
The matter proceeded to judicial arbitration in August 2003, pursuant to Code of Civil Procedure section 1141.10 et seq.[2] *504 There was an award in Law Firm's favor that was rejected by Client.
Law Firm filed a motion for summary judgment, or, in the alternative, a motion for summary adjudication that Client's estoppel defense under section 6201 was without merit (collectively, the summary judgment motion or motion). The court denied the motion. In concluding that summary judgment was not appropriate, the court reasoned that: (1) while Firm met its initial burden on summary judgment of proving each element of a breach of contract claim, its failure to give Client notice of his right to arbitration under section 6201(a) created a ground for dismissal of the action; and (2) Client did not waive his arbitration rights by answering the complaint. Likewise, the court denied summary adjudication because Firm did not meet its burden of establishing that the estoppel defense was without meritagain because Firm was required to give notice to Client of the right to arbitration and Client's appearance where he had received no section 6201(a) notice was not a waiver of arbitration.
Thereafter, on February 11, 2004six days before the assigned trial date and after the case did not settle at a mandatory settlement conferencethe court granted Client's ex parte motion in limine to dismiss the action due to Law Firm's noncompliance with section 6201(a). At the same time, the court denied Firm's ex parte application to stay the action pending completion of MFAA arbitration. A notice of entry of dismissal was filed March 4, 2004. Client moved for an order awarding attorney fees of $44,051.25, as the prevailing party in the action under Code of Civil Procedure sections 1032, subdivision (a)(4) and 1033.5.[3] He asserted that he was entitled to attorney fees because the action was on a contract (promissory note) which included an attorney fees provision.[4] On May 4, 2004, the court awarded Client attorney fees of $12,000 (or slightly more than one-quarter of the amount sought). It concluded that "it was not reasonable to incur the full amount of fees sought, because a motion to dismiss or stay could have been brought and is reasonably likely to have succeeded."[5]
Law Firm filed a notice of appeal on May 3, 2004. Client filed an appeal from the attorney fees order on May 20, 2004.
*505 The appeal from the dismissal was filed timely (Cal. Rules of Court, rule 2(a)(1)), and is a proper subject for appellate review. (See Code Civ. Proc., § 581d; Kahn v. Lasorda's Dugout, Inc. (2003) 109 Cal. App.4th 1118, 1120, fn. 1, 135 Cal.Rptr.2d 790.) Likewise, Client's appeal was timely as an original appeal from the order awarding attorney fees. (Cal. Rules of Court, rule 2(a)(1).)[6] Such a postjudgment award of attorney fees is also reviewable on appeal. (Code Civ. Proc., § 904.1, subd. (a)(2); R.P. Richards, Inc. v. Chartered Construction Corp. (2000) 83 Cal.App.4th 146, 158, 99 Cal.Rptr.2d 425.)

DISCUSSION

I. Issues On Appeal

Law Firm's two claims of error are as follows:
1. The dismissal of the action on the basis of Firm's noncompliance with section 6201(a) was improper because it was based on the erroneous view that such dismissal was mandatory.
2. Summary judgment should have been granted because Law Firm: (a) established all elements of its breach of contract claim; (b) negated the defense of estoppel under section 6201 by establishing that Client waived his right to assert that the dispute had to be arbitrated; and (c) established that Client's other defenses raised in opposition to the motion had no merit.[7]
Client contends in his appeal that the court abused its discretion by "tak[ing] such a sharp scalpel" in awarding only $12,000 in attorney fees, instead of the $44,051 requested.
We will address these contentions below. At the outset, however, we provide a necessary overview of the MFAA.

II. The Mandatory Fee Arbitration Act

The MFAA was enacted in 1978 following an earlier finding by the Board of Governors of the California State Bar that fee disputes constituted the most serious problem between attorneys and their clients. (See Aguilar v. Lerner, supra, 32 Cal.4th 974, 983-984, 12 Cal.Rptr.3d 287, 88 P.3d 24.) "The policy behind the mandatory fee arbitration statutes [was] ... to alleviate the disparity in bargaining power in attorney fee matters which favors the attorney by providing an effective, inexpensive remedy to a client which does not necessitate the hiring of a second attorney. [Citation.]" (Manatt, Phelps, Rothenberg & Tunney v. Lawrence (1984) 151 Cal.App.3d 1165, 1174, 199 Cal.Rptr. 246; see also Huang v. Cheng (1998) 66 Cal.App.4th 1230, 1234, 78 Cal.Rptr.2d 550 [MFAA's "purpose and policy ... are to ensure the fair resolution of attorney fee disputes"].)
Accordingly, the MFAA was enacted to require, at the option of the client, that the attorney arbitrate any fee dispute: "Unless the client has agreed in writing to arbitration under this article of all disputes *506 concerning fees, costs, or both, arbitration under this article shall be voluntary for a client and shall be mandatory for an attorney if commenced by a client." (§ 6200, subd. (c); see also Aguilar v. Lerner, supra, 32 Cal.4th at p. 981, 12 Cal.Rptr.3d 287, 88 P.3d 24.)
The arbitrator or arbitrators of a fee dispute may: "(1) Take and hear evidence pertaining to the proceeding. [¶] (2) Administer oaths and affirmations. [¶] (3) Compel, by subpoena, the attendance of witnesses and the production of books, papers, and documents pertaining to the proceeding." (§ 6200. subd. (g).) The award rendered in arbitration under the MFAAunlike the final result where arbitration of other disputes is required by the parties' agreement (see Moncharsh v. Heily & Blase (1992) 3 Cal.4th 1, 9, 10 Cal. Rptr.2d 183, 832 P.2d 899)is not binding, and either the attorney or client may obtain a trial de novo. (§ 6204, subd. (a).)
Arbitration of attorney-client disputes under the MFAA, however, is strictly limited by subject matter. "The primary limitation of the MFAA is that it applies only to disputes concerning `[legal] fees, costs, or both' (§ 6200, subd. (a)) and is specifically inapplicable to `[c]laims for affirmative relief against the attorney for damages or otherwise based upon alleged malpractice or professional misconduct' [citation]." (Aguilar v. Lerner, supra, 32 Cal.4th at p. 984, 12 Cal.Rptr.3d 287, 88 P.3d 24, quoting § 6200, subd. (b)(2).)
In order to ensure that the client is made aware of its arbitration rights, the MFAA requires that the attorney give the client written notice of its right to arbitration at or before the time the attorney brings suit or other proceeding to collect on unpaid fees or costs. Section 6201(a) the statute that is central to the present disputeprovides: "[A]n attorney shall forward a written notice to the client prior to or at the time of service of summons or claim in an action against the client, or prior to or at the commencement of any other proceeding against the client under a contract between attorney and client which provides for an alternative to arbitration under this article, for recovery of fees, costs, or both. The written notice ... shall include a statement of the client's right to arbitration under this article. Failure to give this notice shall be a ground for the dismissal of the action or other proceeding." If an attorney commences an action or proceeding that is subject to arbitration under the MFAA, "the client [before responding] may stay the action or other proceeding by serving and filing a request for arbitration." (§ 6201, subd. (b).)

III. Dismissal Of The Action

The court dismissed the action because of Law Firm's failure to give Client notice of right to arbitration under section 6201(a). Firm challenges this decision, claiming that dismissal was based upon the court's misconception that it was required to dismiss the case because of Firm's noncompliance with section 6201(a).[8] Citing *507 Richards, Watson & Gershon v. King (1995) 39 Cal.App.4th 1176, 46 Cal.Rptr.2d 169 (Richards), Law Firm argues that dismissal was within the discretion of the court and the court here did not employ discretion at all (since it believed dismissal to be mandatory).
The issue of whether failure to give notice under section 6201(a) requires dismissal of an action for attorney fees is a matter of statutory interpretation. Accordingly, we independently review the entry of dismissal below. (Richards, supra, 39 Cal.App.4th at p. 1179, 46 Cal.Rptr.2d 169; see also Huang v. Cheng, supra, 66 Cal.App.4th 1230, 1233, 78 Cal.Rptr.2d 550 [independent review of whether section 6201(a) notice must be served only after fee dispute has arisen].)[9]
We conclude that under Richards, the court may, in its discretion, dismiss the action for attorney fees where the attorney fails to give the client the requisite section 6201(a) notice. In this instance, it is evident that the court felt compelled to dismiss the case because of Law Firm's noncompliance with MFAA notice requirements. We therefore must reverse the court's dismissal of the action.
In Richards, a law firm sued the client's widow for recovery of attorney fees without sending a notice of right to arbitration under section 6201(a). (Richards, supra, 39 Cal.App.4th at pp. 1177-1178, 46 Cal.Rptr.2d 169.) Shortly after service of the suit, the widow moved to dismiss based upon such noncompliance with the MFAA's notice requirements. (Id. at p. 1178, 46 Cal.Rptr.2d 169.) She withdrew the motion after the law firm amended the complaint and accompanied it with written notice of the widow's right to arbitrate. (Ibid.) The widow again moved to dismiss, claiming that the law firm's belated notice did not cure the defect because section 6201(a) required notice prior to or at the time of service of the action. (Richards, supra, 39 Cal.App.4th at p. 1178, 46 Cal. Rptr.2d 169.) The trial court dismissed the action, concluding that dismissal was mandatory where the attorney fails to comply with the MFAA's notice requirements. (Ibid.)
The Court of Appeal rejected the widow's claim that section 6201(a)'s use of the word "shall" (i.e., "failure to give notice `shall be a ground for the dismissal of the action'") meant that dismissal was mandatory: "[D]ismissal is discretionary is instead the correct interpretation." (Richards, supra, 39 Cal.App.4th at p. 1179, 46 Cal.Rptr.2d 169; see also Aheroni v. Maxwell (1988) 205 Cal.App.3d 284, 294-295, 252 Cal.Rptr. 369 [rejecting client's contention that trial court was without jurisdiction to enter default judgment against him because attorney bringing suit for fees had not given notice under section 6201(a)].) It based this holding, inter alia, on the conclusions that (1) "if the Legislature had intended mandatory dismissal, it would have said so" (Richards, supra, 39 Cal.App.4th at p. 1179, 46 Cal.Rptr.2d 169), and (2) "the policy behind section 6201 does not require mandatory dismissal." (Id. at p. 1180, 46 Cal.Rptr.2d 169.)
*508 Richards is directly applicable. Here, we cannot say that the trial court exercised discretion in granting Client's dismissal motion. Client argued below (as well as on appeal here) that an attorney's failure to notify a client in writing of the right to arbitrate fee disputes "is fatal to the attorney's claim," and that Client was "entitled to a dismissal as a matter of law." (Original emphasis.) The record does not reflect that the court weighed facts in dismissing the case; instead, evidencing the view that dismissal was required, the court noted that it "[understood] the [notice] obligation to begin and end with Business [and] Professions Code Section 6201." Moreover, the manner of the court's decisionwhere it granted dismissal by ex parte motion without presentation of evidence and where there was some question whether Law Firm had even received the motion papers before the hearing[10]strongly suggests that there was no discretionary review of the dismissal motion.
Neither Huang v. Cheng, supra, 66 Cal.App.4th 1230, 78 Cal.Rptr.2d 550, nor Wager v. Mirzayance (1998) 67 Cal. App.4th 1187, 79 Cal.Rptr.2d 661cited by the court belowsupports the conclusion that dismissal for noncompliance with section 6201(a) is mandatory. In Huang, the principal issue was whether a notice of right to arbitration sent by the attorney before a dispute had arisen (i.e., the day after he sent the clients a bill for his services and over two years before filing suit) satisfied MFAA notice requirements. (Huang v. Cheng, supra, at p. 1232, 78 Cal.Rptr.2d 550.) Concluding that "the time frame in which such notice is to be given is narrow" (id. at p. 1234, 78 Cal. Rptr.2d 550), the court held that the attorney must give the section 6201(a) notice after a fee dispute arises. (Id. at p. 1235, 78 Cal.Rptr.2d 550.) Huang does not stand for the proposition that the failure to comply with the notice requirements of the MFAA compels dismissal in all instances. Likewise, Wager v. Mirzayance, did not hold that dismissal for failing to serve notice under section 6201(a) was mandatory. Rather, the appellate court rejected the attorney's argument that the court had dismissed the case based on its misunderstanding that it did not have the discretion to do otherwise, becauseunlike the case here"there [was] no basis in the record to conclude that the trial court misunderstood its discretion in ruling on the motion to dismiss." (Wager v. Mirzayance, supra, at p. 1191, 79 Cal.Rptr.2d 661.)
Accordingly, we conclude that dismissal under the MFAA is discretionary and the court misperceived that it was required to dismiss the case due to Law Firm's noncompliance with section 6201(a)'s notice requirements. We must therefore reverse the order granting the motion in limine to dismiss,[11] since the *509 court's refusal to acknowledge and exercise the discretion vested in it "was itself an abuse of discretion. [Citations.]" (Richards, supra, 39 Cal.App.4th at p. 1180, 46 Cal.Rptr.2d 169; see also Fletcher v. Superior Court (2002) 100 Cal.App.4th 386, 392, 123 Cal.Rptr.2d 99 [trial court's "`[f]ailure to exercise a discretion conferred and compelled by law constitutes a denial of a fair hearing and a deprivation of fundamental procedural rights, and thus requires reversal ...'" (citations omitted)]; Dubois v. Corroon & Black Corp. (1993) 12 Cal.App.4th 1689, 1696, 16 Cal.Rptr.2d 719 [failure to consider factors prescribed by statute in evaluating merits of discretionary motion to dismiss is an abuse of discretion].)[12]

IV. Denial Of Summary Judgment

Having determined that the order of dismissal must be reversedlike peeling the outer skin from an onionwe examine the next layer: whether the court properly denied Law Firm's summary judgment motion. While an order denying summary judgment is not directly appealable, it is reviewable after entry of judgment. (See Sturm, Ruger & Co. v. Superior Court (1985) 164 Cal.App.3d 579, 582, 210 Cal.Rptr. 573.) We first identify the applicable standards for reviewing the court's order, then analyze the motion and its opposition, and lastly address the three defenses the Client asserted in such opposition, including the defense that Firm failed to give notice under section 6201(a).

A. Summary Judgment: Standard of Review

"The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (Aguilar v. Atlantic Richfield Co. (2001) 25 Cal.4th 826, 843, 107 Cal.Rptr.2d 841, 24 P.3d 493 (Aguilar).) As such, the summary judgment statute (Code Civ. Proc., *510 § 437c), "provides a particularly suitable means to test the sufficiency of the plaintiff's prima facie case and/or of the defendant's [defense]." (Caldwell v. Paramount Unified School Dist. (1995) 41 Cal.App.4th 189, 203, 48 Cal.Rptr.2d 448.)
The moving party "bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law." (Aguilar, supra, 25 Cal.4th at p. 850, 107 Cal.Rptr.2d 841, 24 P.3d 493, fn. omitted.) "In moving for summary judgment, a `plaintiff ... has met' his `burden of showing that there is no defense to a cause of action if' he `has proved each element of the cause of action entitling' him `to judgment on that cause of action. Once the plaintiff ... has met that burden, the burden shifts to the defendant ... to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto. The defendant ... may not rely upon the mere allegations or denials' of his `pleadings to show that a triable issue of material fact exists but, instead,' must `set forth the specific facts showing that a triable issue of material fact exists as to that cause of action or a defense thereto.' [Citation.]" (Id. at p. 849, 107 Cal.Rptr.2d 841, 24 P.3d 493, quoting Code Civ. Proc., § 437c, subd. (o)(1); see also Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2004) ¶ 10:224.1, p. 10-81.)
Our review of the granting or denial of summary judgment is de novo. (Buss v. Superior Court (1997) 16 Cal.4th 35, 60, 65 Cal.Rptr.2d 366, 939 P.2d 766; Orrick Herrington & Sutcliffe v. Superior Court (2003) 107 Cal.App.4th 1052, 1056, 132 Cal.Rptr.2d 658.) In conducting such de novo review, we "consider[ ] all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained. [Citation.]" (Guz v. Bechtel National, Inc. (2000) 24 Cal.4th 317, 334, 100 Cal.Rptr.2d 352, 8 P.3d 1089.) This review consists of "an independent assessment of the correctness of the trial court's ruling, [in which we] apply[ ] the same legal standard as the trial court in determining whether there are any genuine issues of material fact or whether the moving party is entitled to judgment as a matter of law." (Iverson v. Muroc Unified School Dist. (1995) 32 Cal. App.4th 218, 222, 38 Cal.Rptr.2d 35.) We need not defer to the trial court and are not bound by the reasons in its summary judgment ruling; we review the ruling of the trial court, not its rationale. (Kids' Universe v. In2Labs (2002) 95 Cal.App.4th 870, 878, 116 Cal.Rptr.2d 158.)

B. General Analysis of Law Firm's Motion

The court considering the motion found that Law Firm had met its initial burden of presenting admissible evidence supporting each element of its breach of contract claim. We concur with that finding. Indeed, Client admitted in his opposition to the motion that (1) he executed the promissory note in favor of Firm dated April 1, 2001, (2) he did not pay on the note when it became due on April 1, 2002, and (3) the full amount on the note plus interest remained unpaid. Thus, putting aside any affirmative defenses (discussed below), Firm was entitled to summary judgment. (See Coyne v. Krempels (1950) 36 Cal.2d 257, 261-262, 223 P.2d 244 [plaintiff entitled to summary judgment where he established by competent evidence the existence of contract, defendants' breach, and damages, and defendants did not controvert such facts].)
*511 Notwithstanding Law Firm's prima facie showing, Client argued that the motion should be denied on the basis of three defensesone of which was pleaded.[13] Client arguedas alleged in the fifth affirmative defense in his answerthat Firm's noncompliance with the notice requirements of section 6201 was "fatal" to his claim. In addition, Client claimed that, by soliciting and obtaining Client's execution of the subject promissory note, Firm breached its ethical obligation to avoid interests adverse to Client under the California Rules of Professional Conduct. Client apparently asserted that this alleged ethical violation was a defense (albeit unpleaded) to the action. Third, Client opposed the motion on the basis that there was a dispute as to whether the underlying obligation was owed by corporations that Client controlled, as opposed to being an individual obligation.
We address below these three defenses asserted by Client and conclude that none has merit.

C. Law Firm's Failure to Give Notice Under Section 6201(a)

1. Waiver of MFAA arbitration rights generally

We begin by asking whether a client, under appropriate circumstances, may waive MFAA arbitration rights, notwithstanding an attorney's noncompliance with section 6201(a). By "waive MFAA arbitration rights," we mean the client's abandonment[14] of its right to assert as a defense to an action for attorney fees or costs either that (1) the fee dispute must be submitted initially to nonbinding arbitration, or (2) the attorney's failure to give the client notice of the right to arbitrate under section 6201(a) bars the action. Usually (under circumstance (1)), the waiver issue will arise in the context of a client's belated request for arbitration under the MFAA. Less typically (under circumstance (2)), the waiver issue occurs where a client does not seek MFAA arbitration (belatedly or otherwise), but nonetheless urges dismissal of the action due to the attorney's noncompliance with section *512 6201(a). Here (circumstance (2)), Client never asserted a desire to arbitrate. Instead, both in opposition to the summary judgment motion and in his ex parte motion to dismiss, Client urged that the action be dismissed because Law Firm did not give the required notice of arbitration rights.[15]
Since we have concluded above that the failure to give notice under section 6201(a) does not compel dismissal of an attorney's action against a client for attorney fees or costs (see pt. III, ante), the answer to this waiver question may seem obvious. Given the specific language of the MFAA and the absence of case law, however, the matter requires closer consideration.
The MFAA provides for specific circumstances under which a client who receives the required notice under section 6201(a) may waive its arbitration rights. (See §§ 6201(a) [waiver by failing to request arbitration within 30 days of receipt of attorney's notice of right to arbitrate], 6201, subd. (b) [waiver by failing to request arbitration prior to filing answer or equivalent response after receipt of section 6201(a) notice].) The statute also identifies two instances in which the client waives arbitration, irrespective of whether the attorney gave written notice informing the client of its arbitration rights, namely, where the client commences "an action or fil[es] any pleading seeking either of the following: [¶] (1) Judicial resolution of a fee dispute to which this article applies. [¶] (2) Affirmative relief against the attorney for damages or otherwise based upon alleged malpractice or professional misconduct." (§ 6201, subd. (d).)
At the heart of the matter, however, is whether the MFAA sets forth the only circumstances under which a client who does not receive written notice complying with section 6201(a) may waive MFAA arbitration rights. We conclude that it does not. There is nothing in the statute suggesting that the only way a client may waive arbitration (if the attorney does not give notice) is by filing an action or pleading seeking either resolution of a fee dispute or affirmative relief against the attorney for malpractice or professional misconduct. (See § 6201, subd. (d).) A holding that there are no nonstatutory grounds for waiving MFAA arbitration rights would permit a client even one aware of its right to arbitration under the MFAA despite not receiving a section 6201(a) noticeto use the attorney's failure to give notice as a means of manipulating the judicial process. Courts will not allow such misuse of the system. As the Supreme Court held in a case where plaintiffs filed suit for the express purpose of determining their adversaries' legal theories before attempting to arbitrate the dispute: "Such procedural gamesmanship provides ample support for the trial judge's conclusion that plaintiffs filed their action in bad faith, and by doing *513 so waived their right to arbitrate. `The courtroom may not be used as a convenient vestibule to the arbitration hall so as to allow a party to create his own unique structure combining litigation and arbitration.' [Citation.]" (Christensen, supra, 33 Cal.3d 778, 784, 191 Cal.Rptr. 8, 661 P.2d 1088.)
Further, our conclusion that a client may waive MFAA arbitration rights on nonstatutory grounds does no violence to the statute's intent of encouraging arbitration of fee disputes and thereby reducing the inherent inequality between the attorney and client in such disputes. Instead, we reject the view that a client may waive MFAA arbitration rights only as provided in the MFAA. Such an inflexible rule would be based on two unwarranted presumptions: (1) that the client in all cases will be unaware of its arbitration rights simply because the attorney failed to give the section 6201(a) notice; and (2) "that in every fee dispute, no matter who the parties are and no matter what the circumstances may be, the attorney will always have the upper hand." (Richards, supra, 39 Cal.App.4th 1176, 1180, 46 Cal.Rptr.2d 169.)[16]

2. Factors concerning MFAA waiver

Having determined that a client theoretically may waive MFAA arbitration rights for reasons other than as provided by statute, we must ascertain the legal principles under which such waiver may occur. There being little authority addressing the subject in the context of the MFAA,[17] we turn to case law considering waiver of arbitration rights where parties have agreed by contract to resolve their disputes through arbitration.[18]
*514 As our Supreme Court has recently noted, "no single test delineates the nature of the conduct that will constitute a waiver of arbitration. [Citations.]" (Saint Agnes, supra, 31 Cal.4th 1187, 1195-1196, 8 Cal. Rptr.3d 517, 82 P.3d 727; see also Christensen, supra, 33 Cal.3d at p. 782, 191 Cal.Rptr. 8, 661 P.2d 1088.) Cases have found arbitration waiver "in a variety of contexts, ranging from situations in which the party seeking to compel arbitration has previously taken steps inconsistent with an intent to invoke arbitration [citations] to instances in which the petitioning party has unreasonably delayed in undertaking the procedure. [Citations.] The decisions likewise hold that the `bad faith' or `wilful misconduct' of a party may constitute a waiver and thus justify a refusal to compel arbitration. [Citation.]" (Davis v. Blue Cross of Northern California (1979) 25 Cal.3d 418, 425-426, 158 Cal. Rptr. 828, 600 P.2d 1060.)
Just as the factors determinative of arbitration waiver are not formulaic, there is no particular stage of litigation prior to judgment that is the line of demarcation between the proper assertion and waiver of arbitration. (See Knight et al., Cal. Practice Guide: Alternative Dispute Resolution (The Rutter Group 2004) ¶ 5:180, p. 5-105.) A party's mere participation in a lawsuit is insufficient to preclude it from later enforcing its right to contractual arbitration. (Saint Agnes, supra, 31 Cal.4th at p. 1203, 8 Cal.Rptr.3d 517, 82 P.3d 727; see also Christensen, supra, 33 Cal.3d at p. 782, 191 Cal.Rptr. 8, 661 P.2d 1088 [merely answering complaint without simultaneously seeking stay or dismissal not waiver of arbitration]; Doers v. Golden Gate Bridge etc. Dist. (1979) 23 Cal.3d 180, 185-188, 151 Cal. Rptr. 837, 588 P.2d 1261 [mere filing of suit not arbitration waiver].) At the other end of the continuum, it is not essential that the litigation be reduced to judgment in order to find that a party has waived its right to contractual arbitration. (Saint Agnes, supra, at p. 1203, 8 Cal.Rptr.3d 517, 82 P.3d 727; McConnell v. Merrill Lynch, Pierce, Fenner & Smith, Inc. (1980) 105 Cal.App.3d 946, 951, 164 Cal. Rptr. 751.)
The Supreme Court in Saint Agnes agreed that the six factors identified by the appellate court in Sobremonte v. Superior Court (1998) 61 Cal.App.4th 980, 72 Cal.Rptr.2d 43 (Sobremonte) were "relevant and properly considered in assessing waiver claims." (Saint Agnes, supra, 31 Cal.4th at p. 1196, 8 Cal.Rptr.3d 517, 82 P.3d 727.) Those factors are: "`(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether `the litigation machinery has been substantially invoked" and the parties "were well into preparation of a lawsuit" before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) "whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place"; and (6) whether the delay "affected, misled, or prejudiced" the opposing party. [Citations.]' [Citation.]" (Sobremonte, supra, at p. 992, 72 Cal.Rptr.2d 43, quoting Peterson v. Shearson/American Exp., Inc. (10th Cir.1988) 849 F.2d 464, 467-468.)
*515 While no single factor is determinative, it is nonetheless true that "[i]n California, whether or not litigation results in prejudice also is critical in waiver determinations. [Citations.]" (Saint Agnes, supra, 31 Cal.4th at p. 1203, 8 Cal.Rptr.3d 517, 82 P.3d 727; see also Christensen, supra, 33 Cal.3d at p. 782, 191 Cal.Rptr. 8, 661 P.2d 1088.) The mere fact that the opposing party has incurred some litigation expense before the arbitration right is claimed is not a sufficient form of prejudice. (Saint Agnes, supra, at p. 1203, 8 Cal.Rptr.3d 517, 82 P.3d 727; Groom v. Health Net (2000) 82 Cal.App.4th 1189, 1197, 98 Cal.Rptr.2d 836.) Prejudice, howeverand a resultant finding of arbitration waivermay be found where the party seeking arbitration has used the litigation to procure the opposing party's defenses and strategies (Davis v. Continental Airlines, Inc. (1997) 59 Cal. App.4th 205, 215, 69 Cal.Rptr.2d 79; Kaneko Ford Design v. Citipark, Inc. (1988) 202 Cal.App.3d 1220, 1228-1229, 249 Cal. Rptr. 544), or information not obtainable through arbitration. (Guess?, Inc. v. Superior Court (2000) 79 Cal.App.4th 553, 558, 94 Cal.Rptr.2d 201 (Guess?).)
We acknowledge that the above principles apply to waiver of contractual arbitration rights and that there are clear differences between contractual arbitration and arbitration under the MFAA. (See Aguilar v. Lerner, supra, 32 Cal.4th 974, 984, 12 Cal.Rptr.3d 287, 88 P.3d 24 [MFAA arbitration differs from standard arbitration in that fee arbitration is nonbinding and is based on statutory directive giving the client the option to arbitrate].) While we believe that these waiver principles are generally applicable here, we must view them in the specific context of a client's statutory right to arbitration of fee disputes under the MFAA. With that perspective in mind, we now address Law Firm's contention in the summary judgment motion that Client waived his MFAA arbitration rights.

3. Whether Client waived MFAA arbitration rights

"Generally, the determination of either waiver or estoppel is a question of fact." (Platt Pacific, Inc. v. Andelson, supra, 6 Cal.4th 307, 319, 24 Cal.Rptr.2d 597, 862 P.2d 158.) When the facts are undisputed, however, and "`only one inference may reasonably be drawn, the issue is one of law and the reviewing court is not bound by the trial court's ruling.' [Citation.]" (Saint Agnes, supra, 31 Cal.4th at p. 1196, 8 Cal.Rptr.3d 517, 82 P.3d 727; see also id. at p. 1206, 8 Cal.Rptr.3d 517, 82 P.3d 727.)
Here, without treating them as inflexible or formulaic, we find it useful to analyze waiver by considering the six Sobremonte factors approved by the Supreme Court. (See Saint Agnes, supra, 31 Cal.4th at p. 1196, 8 Cal.Rptr.3d 517, 82 P.3d 727.) We conclude that the record demonstrates that five of the six factors strongly suggest waiver. Only the fourth factori.e., "`whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings'" (Sobremonte, supra, 61 Cal.App.4th at p. 992, 72 Cal.Rptr.2d 43)does not support the view that Client waived MFAA arbitration rights.

a. action inconsistent with arbitration (factor 1)

Applying the first Sobremonte factor to the undisputed evidence here, Client's actions were entirely "`inconsistent with the right to arbitrate.'" (Sobremonte, supra, 61 Cal.App.4th at p. 992, 72 Cal.Rptr.2d 43.) Indeed, there is no evidence that Client ever requested MFAA arbitration.
*516 As far as Client's assertion of Law Firm's noncompliance with section 6201(a) is concerned, he raised the matter at the outset of the litigation as one of a host of affirmative defenses in his answer. Client, however, did not move to stay or dismiss the action until 13 months later (and 15 months after the action was filed). The assertion in a lawsuit of the defense that the matter is subject to arbitration is not self-executing; the party asserting arbitration rights must generally take some affirmative steps (e.g., move to dismiss or stay or move to compel arbitration) to enforce the arbitration right. Thus, we find unpersuasive Client's claim that the allegation in the answer that the Firm did not comply with section 6201(a) immunized him from a finding that he subsequently waived MFAA arbitration rights. (See Davis v. Continental Airlines, Inc., supra, 59 Cal.App.4th 205, 215-217, 69 Cal. Rptr.2d 79.) As the Sobremonte court noted: "[M]ere assertion of this affirmative defense, without more, does not preclude a finding that subsequent conduct may cause a waiver of that right. [Citation.]" (Sobremonte, supra, 61 Cal. App.4th at p. 993, 72 Cal.Rptr.2d 43.) It is not sufficient for the client to raise MFAA arbitration (and/or the absence of notice under section 6201(a)) as an affirmative defense, and then allow extensive litigation to proceed without further assertion of the client's MFAA rights. (See ibid. [waiver found where bank asserted contractual arbitration as one of 25 affirmative defenses in answer, thereafter conducted extensive discovery, and moved to arbitrate 10 months later]; Davis v. Continental Airlines, Inc., supra, 59 Cal.App.4th 205, 69 Cal.Rptr.2d 79 [defendants sued for sexual harassment waived contractual arbitration by answering suit, alleging failure to arbitrate as affirmative defense, but waited six months to demand arbitration and conducted extensive discovery in the interim].)

b. litigation machinery substantially invoked (factor 2)

There is no doubt here that the second Sobremonte factor points to Client's waiver. Clearly, "`"the litigation machinery [was] substantially invoked."'" (Sobremonte, supra, 61 Cal.App.4th at p. 992, 72 Cal.Rptr.2d 43.) Over the 15-month history of this lawsuit, the parties engaged in discovery, submitted the case to judicial arbitration, had the court consider Law Firm's summary judgment motion, participated in a mandatory settlement conference, and allowed the case to proceed to the brink of trial before Client brought his affirmative motion to dismiss. Further, it was Client himself who conducted significant discovery, namely, the depositions of Law Firm's principal attorney (Dixon Howell) and its office manager, two sets of document demands, interrogatories, and request for admissions. (Cf. Guess?, supra, 79 Cal.App.4th at p. 558, 94 Cal. Rptr.2d 201 [holding that defendant's conduct in responding to discovery and sending attorneys to depositions noticed by plaintiff was inconsistent with desire to arbitrate].)
The other aspect of the second Sobremonte factor is "`whether ... the parties "were well into preparation of a lawsuit" before the party notified the opposing party of an intent to arbitrate.'" (Sobremonte, supra, 61 Cal.App.4th at p. 992, 72 Cal.Rptr.2d 43.) Although Client at no time notified Law Firm that he wanted to arbitrate the dispute, waiver is suggested here since Client did not move to dismiss the suit until the eve of trial.

c. lengthy delay (factor 3)

The mere existence of some delay in asserting arbitration, of itself and without resulting prejudice, will be insufficient to support a finding of waiver. (See *517 Christensen, supra, 33 Cal.3d 778, 782, 191 Cal.Rptr. 8, 661 P.2d 1088.) It is, however, "normally desirable that [a litigant wishing to assert arbitration rights] do so promptly, if [the party] intends to do so at all." (Ibid.) Thus, in some of the contractual arbitration cases discussed, ante, the court found that the asserting party had waived arbitration under circumstances much less compelling than those existing here. (See, e.g., Guess?, supra, 79 Cal. App.4th 553, 94 Cal.Rptr.2d 201 [defendant waived arbitration by waiting three months after filing answer to bring motion to compel arbitration]; Davis v. Continental Airlines, Inc., supra, 59 Cal.App.4th 205, 69 Cal.Rptr.2d 79 [waiver found where defendants waited over six months after answering to bring motion to stay]; Kaneko Ford Design v. Citipark, Inc., supra, 202 Cal.App.3d 1220, 249 Cal.Rptr. 544 [plaintiff waived arbitration by delay of five months].)
Here, Client never asserted an intention to arbitrate, and waited nearly 15 monthsand until six days before trial to bring a motion to dismiss. Therefore, the third Sobremonte factor supports a waiver finding since Client "`delayed for a long period before seeking'" dismissal. (Sobremonte, supra, 61 Cal.App.4th at p. 992, 72 Cal.Rptr.2d 43.)[19]
Courts will consider the existence or absence of a reasonable explanation for the party's delay in asserting its arbitration right in making a determination of waiver. (See Guess?, supra, 79 Cal. App.4th at p. 557, 94 Cal.Rptr.2d 201 [defendant "failed to offer any explanation for its decision to defer for three months its demand for arbitration"].) Client was well aware from the outset of the litigation that he had the right to arbitrate the dispute under the MFAA. (See Christensen, supra, 33 Cal.3d 778, 783, 191 Cal. Rptr. 8, 661 P.2d 1088 [stressing importance of early awareness of arbitration clause and its applicability by party asserting arbitration].) Here, Client's explanation for not moving to dismiss until the eve of trial was that he believed that under Huang v. Cheng, supra, 66 Cal.App.4th 1230, 78 Cal.Rptr.2d 550, the proper procedure for a client to assert an attorney's noncompliance with section 6201(a) was to bring a trial motion in limine to dismiss. We reject this explanation as being wholly unreasonable for three reasons.
First, while the defendants in Huang brought their motion to dismiss at trial, it is apparent that they did so because they originally represented themselves in propria persona and had no knowledge of their MFAA rights until they retained an attorney before trial. (Huang v. Cheng, supra, 66 Cal.App.4th at p. 1233, 78 Cal. Rptr.2d 550.) Huang did not hold that the only stage in litigation that a client may assert noncompliance with section 6201(a) is at trial.
Second, there is substantial authority under the MFAA that is contrary to Client's contention that a challenge for lack of section 6201(a) notice must be made at the time of trial. Indeed, in many instances, the asserting party brought the issue to a head at the early stages of litigation. For instance, in Richards, supra, 39 Cal.App.4th 1176, 1178, 46 Cal. Rptr.2d 169, the defendant filed a motion to dismiss based on the attorney's noncompliance with section 6201(a) only three *518 months after the action was filed. (See also Aguilar v. Lerner, supra, 32 Cal.4th 974, 980, 12 Cal.Rptr.3d 287, 88 P.3d 24 [petition to compel arbitration filed in response to complaint]; Alternative Systems, Inc. v. Carey (1998) 67 Cal.App.4th 1034, 1039, 79 Cal.Rptr.2d 567 [motion to stay made at case management conference].)
Third, contractual arbitration waiver cases likewise do not support Client's position. Proper methods to enforce agreements to arbitrate include a petition or motion to compel arbitration (Code Civ. Proc., §§ 1281.2, 1292.4), or motion to stay action (Code Civ. Proc., § 1281.4). Such motion should be brought at the earliest opportunity. (See Christensen, supra, 33 Cal.3d at p. 782, 191 Cal.Rptr. 8, 661 P.2d 1088.)
Therefore, Client's explanation for his delay in moving to dismiss is legally insufficient. He unreasonably delayed in bringing the lack of notice issue to the attention of the court.

d. important intervening steps taken (factor 5)

It is without question that "`important intervening steps'" (Sobremonte, supra, 61 Cal.App.4th at p. 992, 72 Cal.Rptr.2d 43) took place in this action. As noted, these intervening steps included significant discovery, a nonbinding judicial arbitration, the hotly contested summary judgment motion, and a mandatory settlement conference; the only "step" remaining was the trial itself. Clearly, this fifth Sobremonte factor also suggests Client's waiver.

e. prejudice (factor 6)

The sixth Sobremonte factor, prejudice, is, of course, "critical." (Saint Agnes, supra, 31 Cal.4th at p. 1203, 8 Cal.Rptr.3d 517, 82 P.3d 727.) We note that the mere fact that Law Firm incurred litigation expense (ibid.) does not establish prejudice. We conclude that there was significant undisputed evidence that Firm was prejudiced beyond mere delay or incurring litigation expense. Indeed, under the contractual arbitration waiver cases discussed ante, there was clear prejudice.
Client herethrough discovery, participation in judicial arbitration proceedings, vigorous opposition to the summary judgment motion, and participation at a mandatory settlement conferenceobtained extensive information about Law Firm's case. This information was clearly not available through MFAA arbitration, since the statute does not authorize prearbitration motions or discovery. (See Rules Proc. for Fee Arbitrations and Enforcement of Awards by State Bar, rule 31.0, 23 pt. 5 West's Ann. Ct. Rules (2005) p. 725 [voluntary prearbitration exchange of documents encouraged].) Such use by Client of the judicial process is both inconsistent with the assertion of MFAA rights and supports a finding of prejudice. (See Berman v. Health Net (2000) 80 Cal.App.4th 1359, 1366, 96 Cal.Rptr.2d 295 [prejudice found where defendant obtained substantive information in plaintiff's discovery responses, even if responses were deficient, because defective responses might reveal case's lack of merit]; Guess?, supra, 79 Cal.App.4th 553, 558, 94 Cal.Rptr.2d 201 [expense of pretrial discovery and motions and disclosure of trial tactics warranted finding of prejudice]; Kaneko Ford Design v. Citipark, Inc., supra, 202 Cal.App.3d 1220, 1228, 249 Cal.Rptr. 544 [prejudice found from plaintiff delaying in seeking arbitration while participating in settlement negotiations and obtaining information on defendant's legal theories].)
The impact of the delay in assertion of arbitration rights on the policy objectives of arbitration is an important consideration *519 in the prejudice analysis. As the Supreme Court has noted: "[C]ourts assess prejudice with the recognition that California's arbitration statutes reflect `"a strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution"' and are intended `"to encourage persons who wish to avoid delays incident to a civil action to obtain an adjustment of their differences by a tribunal of their own choosing."' [Citation.] Prejudice typically is found only where the petitioning party's conduct has substantially undermined this important public policy or substantially impaired the other side's ability to take advantage of the benefits and efficiencies of arbitration." (Saint Agnes, supra, 31 Cal.4th at p. 1204, 8 Cal.Rptr.3d 517, 82 P.3d 727, quoting Moncharsh v. Heily & Blase, supra, 3 Cal.4th 1, 9, 10 Cal.Rptr.2d 183, 832 P.2d 899.)
Since arbitration under the MFAA is similarly intended to provide clients with a speedy and inexpensive method of resolving fee disputes with their attorneys (see Liska v. Arns Law Firm (2004) 117 Cal. App.4th 275, 281-282, 12 Cal.Rptr.3d 21), this prejudice inquiry under contractual arbitration waiver cases is equally applicable here. Clearly in this instance, Client's substantial (nearly 15-month) delay in filing his dismissal motion "substantially undermined [the] important public policy" (Saint Agnes, supra, 31 Cal.4th at p. 1204, 8 Cal.Rptr.3d 517, 82 P.3d 727) in favor of MFAA arbitration of providing an inexpensive and speedy method of resolving fee disputes. By delaying the motion's filing until the eve of trial, Client caused himself and his adversary alike to run up substantial legal expense before pulling the plug; in so doing, he deprived himself and Law Firm of "whatever efficiencies that would otherwise have been available to [them] through arbitration." (Guess?, supra, 79 Cal.App.4th 553, 558, 94 Cal. Rptr.2d 201.) Client's delay thus had a substantial negative impact on the policies that the MFAA was intended to promote, and as a result, prejudice was clearly shown.

f. conclusion re: waiver

Applying the six Sobremonte factors to the evidence here, five of the factors support strongly the conclusion that Client waived his MFAA arbitration rights.[20] Client's conduct here was plainly inconsistent with a desire to arbitrate the attorney fee dispute, and he delayed an unreasonable period of time before moving to dismiss. After viewing the litigation as a whole (McConnell v. Merrill Lynch, Pierce, Fenner & Smith, Inc., supra, 105 Cal.App.3d 946, 952, fn. 2, 164 Cal.Rptr. 751), we find that the only inference that can be drawn from the undisputed evidence is the existence of waiver. (See Guess?, supra, 79 Cal.App.4th 553, 94 Cal. Rptr.2d 201 [reversal of trial court's order compelling arbitration because defendant waived arbitration as matter of law]; Sobremonte, supra, 61 Cal.App.4th 980, 72 Cal.Rptr.2d 43 [same].)

D. Claimed Ethical Violation
In his opposition to the summary judgment motion, Client contended that Law *520 Firm's procurement of the underlying promissory note was a breach of its ethical obligation to avoid interests adverse to Client under California Rules of Professional Conduct, rule 3-300 (rule 3-300).[21] This unpleaded defense posed no impediment to summary judgment.
Our Supreme Court has held that an unsecured promissory note executed by the clientas contrasted with a promissory note given by the client secured by a deed of trust with a power of saledoes not give the attorney a present interest in the client's property required to trigger rule 3-300. "An unsecured promissory note, by contrast, gives an attorney only a right to proceed against the client's assets in a contested judicial proceeding at which the client may dispute the indebtedness. The note allows the attorney to obtain a judgment, and to seek to enforce the judgment against the client's assets, if any. It does not give the attorney a present interest in the client's property which the attorney can summarily realize" (Hawk v. State Bar (1988) 45 Cal.3d 589, 600-601, 247 Cal.Rptr. 599, 754 P.2d 1096; see also Hulland v. State Bar (1972) 8 Cal.3d 440, 450, 105 Cal.Rptr. 152, 503 P.2d 608 [attorney's use of confession of judgment for client's obligation improper and "unnecessary, since a promissory note is equally effective to embody the obligation for legal fees into a readily enforceable form"].) Thus, Client's assertion that Law Firm's procurement of the promissory note violated rule 3-300 was without merit.[22]

E. Contention Regarding Maker of Promissory Note
Client asserted in opposition to the motion that there was a dispute as to whether the underlying obligation was owed by corporations that Client controlled, as opposed to being an individual obligation. This unpleaded defense likewise posed no bar to summary judgment.
Client's claim is, in essence, that Law Firm failed to join the corporations controlled by him as necessary parties defendant. As such, this misjoinder contention was one that Client was required to plead; he could not simply raise it in opposition *521 to the summary judgment motion. (See Security-First Nat. Bk. v. Cooper (1944) 62 Cal.App.2d 653, 664, 145 P.2d 722 [misjoinder of defendants was matter that defendant was required to raise by demurrer or answer, and could not be raised for the first time in nonsuit motion].) Thus, aside from the apparent lack of merit of the contention,[23] it was not one that was properly before the court in considering the summary judgment motion. (See City of Hope Nat. Medical Center v. Superior Court (1992) 8 Cal.App.4th 633, 639, 10 Cal.Rptr.2d 465 [unpleaded fraud could not be considered as part of opposition to summary judgment].)

V. The Order Awarding Attorney Fees
Law Firm contends that since the dismissal of the action must be reversed, the order awarding Client attorney fees of $12,000 cannot stand. This position is correct. (See Giles v. Horn (2002) 100 Cal. App.4th 206, 241, 123 Cal.Rptr.2d 735 [order awarding attorney fees falls with a reversal of judgment on which it was based].) We therefore reverse the trial court's postdismissal order awarding Client attorney fees.

DISPOSITION
The order dismissing the action and postdismissal order awarding attorney fees are reversed. Law Firm's motion for summary judgment should have been granted. Accordingly, we remand to the trial court with directions that it enter an order granting summary judgment and judgment in favor of Law Firm.
WE CONCUR: PREMO and ELIA, JJ.
NOTES
[1] All further statutory references are to the Business and Professions Code unless otherwise stated.
[2] As one court has observed: "Judicial arbitration is basically a creature of statute (Judicial Arbitration Act, Code Civ. Proc., § 1141.10 et seq.), but `... the system it describes is neither judicial nor arbitration. The hearing is not conducted by a [sitting] judge, and the right to a trial de novo removes the finality of true arbitration. "Extrajudicial mediation" would be [a more apt term].' [Citation.]" (Parker v. Babcock (1995) 37 Cal.App.4th 1682, 1686, 44 Cal. Rptr.2d 602.)
[3] "As used in this section, unless the context clearly requires otherwise: [¶] ... [¶] (4) `Prevailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, ..." (Code Civ. Proc., § 1032, subd. (a).) Code of Civil Procedure section 1033.5, subdivision (a) provides: "The following items are allowable as costs under [Code of Civil Procedure] [s]ection 1032:[¶] ... [¶] (10) Attorney fees, when authorized by any of the following: [¶] (A) Contract. [¶] (B) Statute. [¶] (C) Law."
[4] The promissory note read: "In the event action is required to enforce the terms [of the promissory note, Client] promises to pay, in addition to all costs thereof, such sum as the court may award as attorneys' fees." Under Civil Code section 1717, subdivision (a), such obligation to pay attorney fees was deemed mutual: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."
[5] The judge who decided the attorney fees motion was not the same judge who ruled on the summary judgment motion and ex parte dismissal motion.
[6] Client's appeal was designated a purported "cross-appeal." While this designation was not technically accurate, it was nonetheless timely even were it a true cross-appeal. (See Cal. Rules of Court, rule 3(e)(1).)
[7] Law Firm's notice of appeal stated that, in addition to challenging the order dismissing the action and the order denying the summary judgment motion, it appealed from the order denying its application to stay the action. Firm does not make the direct argument on appeal that the denial of the stay was erroneous. Because we conclude, post, that the court erred in dismissing the action and that it should have granted Firm's summary judgment motion, we need not address the issuewhich we believe was waived on appeal in any eventof whether the court erred in denying Firm's stay application.
[8] Law Firm argued below that it was not required under section 6201(a) to give notice to Client of his right to arbitration because the action was for breach of promissory note, not one for recovery of attorney fees. Firm does not make the same argument on appeal. We need not decide the issue here since Law Firm has abandoned it. (See Tiernan v. Trustees of Cal. State University & Colleges (1982) 33 Cal.3d 211, 216, fn. 4, 188 Cal.Rptr. 115, 655 P.2d 317; Wiz Technology, Inc. v. Coopers & Lybrand (2003) 106 Cal.App.4th 1, 9, fn. 1, 130 Cal.Rptr.2d 263.) Were we, however, faced with a case in which the attorney brought suit against the client under an instrument that plainly evidenced that it constituted a resolution of a prior fee dispute (e.g., promissory note or settlement agreement), we would likely conclude that the MFAA would not apply in such instance.
[9] Client asserts that the standard for reviewing the dismissal of the action is whether the court below abused its discretion. We agree that, after our determination that dismissal is discretionarynot mandatory, as claimed by Clientwe must then review the court's ruling to determine whether it abused its discretion. Since we conclude, post, that the court failed to exercise its discretion because it viewed the MFAA as requiring dismissal, we hold that the court, indeed, abused its discretion by failing to exercise the discretion vested in it.
[10] At the hearing on Firm's ex parte application to stay the action, the court noted that it was inclined to grant Client's ex parte motion to dismiss. Firm's counsel responded that he was "not aware of a motion to dismiss, frankly. I was never put on notice that there was a motion to dismiss before the Court. I wasn't given a motion to dismiss." Counsel for Client disputed this contention. Since the question of service of Client's motion was not argued on appeal and is, in any event, a question immaterial to our resolution of the matter, we do not comment further beyond noting the existence of the issue.
[11] Although in limine motions are decided by the trial judge (People v. Morris (1991) 53 Cal.3d 152, 188-190, 279 Cal.Rptr. 720, 807 P.2d 949, disapproved on another ground in People v. Stansbury (1995) 9 Cal.4th 824, 830, fn. 1, 38 Cal.Rptr.2d 394, 889 P.2d 588), Client's motion in limine to dismiss was decided by the judge who was the "team leader" responsible for law and motion and the assignment of the case to a different department for trial. We conclude on the merits that it was error to grant the motion to dismiss. In doing so, however, we do not mean to condone or otherwise approve any procedure wherein a judge other than the trial judge decides an in limine motion, including a motion (as here) that is effectively a motion for nonsuit (Code Civ. Proc., § 581c) or motion for judgment in a court trial (Code Civ. Proc., § 631.8). (See Mechanical Contractors Assn. v. Greater Bay Area Assn. (1998) 66 Cal. App.4th 672-677, 78 Cal.Rptr.2d 225 [granting of motion in limine to exclude all evidence was "`tantamount to a nonsuit'"].) Notwithstanding efforts to streamline trials, there is no authority allowing a judge other than the trial judge to limit evidence that may be presented at trial. After all, motions in limine are simply vehicles available to guide the parties' presentation of evidence at trial, and the trial judge may modify his or her rulings on such motions over the course of trial. (See Rufo v. Simpson (2001) 86 Cal.App.4th 573, 608, 103 Cal.Rptr.2d 492 [in limine ruling is "is necessarily tentative because subsequent evidentiary developments may change the context"].)
[12] At Client's request, the court below dismissed the action "with prejudice." Irrespective of whether the court improperly dismissed the complaint because of the view that Law Firm's section 6201(a) noncompliance made such dismissal mandatory, it was error to dismiss the case with prejudice. (See, e.g., Meis and Waite v. Parr (N.D.Cal.1987) 654 F.Supp. 867, 869 [law firm's action for fees would be dismissed without prejudice where it was commenced while arbitration under MFAA was pending]; cf. Christensen v. Dewor Developments (1983) 33 Cal.3d 778, 784-786, 191 Cal.Rptr. 8, 661 P.2d 1088 (Christensen) [dismissal with prejudice of suit where court determined plaintiffs waived contractual arbitration right would be a "Draconian result" that would leave plaintiffs without a remedy].)
[13] Client also argued belowbut not on appealthat any obligation to pay on the promissory note was contingent upon the close of a particular escrow, and that escrow never closed. He based this argument on language in a letter agreement entitled "Retainer Modification Agreement," signed by Firm and Client and last dated June 26, 1995. While we believe that this contention has been abandoned, we find that, in any event, it lacks merit. On its face, the subject promissory note contains no contingency; rather, it fixes an absolute obligation to pay the entire principal amount together with 10 percent interest on or before April 1, 2002. To the extent that Client argued below that the promissory note contained an alleged contingencyunstated in the notebased upon a letter agreement signed almost six years earlier, we see no basis for that contention. Moreover, the argument suggested that the promissory note required substantial reformation; defendant's answer contained no allegation supporting such a theory. Since summary judgment addresses only matters that have been pleaded (see Robinson v. Hewlett-Packard Corp. (1986) 183 Cal.App.3d 1108, 1131-1132, 228 Cal. Rptr. 591), Client's argument must be rejected.
[14] As our Supreme Court has recently explained, although often phrased in terms of "waiver," "the critical issue ... [in the context of loss of arbitration rights is] `whether a party's filing of a lawsuit in the face of an agreement to arbitrate was conduct so inconsistent with the exercise of the right to arbitration as to constitute an abandonment of that right.' [Citation.]" (Saint Agnes Medical Center v. PacifiCare of California (2003) 31 Cal.4th 1187, 1201, 8 Cal.Rptr.3d 517, 82 P.3d 727 (Saint Agnes); see also Platt Pacific, Inc. v. Andelson (1993) 6 Cal.4th 307, 315, 24 Cal.Rptr.2d 597, 862 P.2d 158 [decisions concerning loss of arbitration rights "use the word `waiver' in the sense of the loss or forfeiture of a right resulting from failure to perform a required act"].)
[15] Indeed, Client made it clear in his motion to dismiss that, in his view, Law Firm's noncompliance with section 6201(a) compelled dismissal, that there could be no proceedings related to Firm's claim for fees after such dismissal, and that Client was not seeking to arbitrate the dispute at such a late juncture: "[P]laintiff's counsel notified defense counsel that at the eleventh hour that plaintiff would finally agree to fee arbitration as required by statute, and would seek an ex parte stay of the trial. The time has long since passed for defendant [sic *] to do what he should have done initially ...have the matter decided by fee arbitration.... There is no provision in the statute allowing the attorney to put his client through expensive litigation, then go back to square one and start all over again. [¶] ... [¶] This Court should not tolerate this cynical and expensive abuse of the legal system and of defendant. This case should be ordered dismissed forthwith with prejudice." (* It is clear from the context of Client's motion that this is an error by Client, and that the intended word was "plaintiff.")
[16] Our holding that the client may waive its MFAA arbitration rights in certain instances even though it did not receive notice of its right to arbitrate is not intended to minimize the importance of the attorney's giving such notice as required under section 6201(a). To be clear, the MFAA provides that the attorney shall give the client notice of its right to arbitration at or before the time the attorney brings suit, and this notification requirement is an important feature of the statute. We simply hold hereconsistent with the holding and reasoning of Richards, supra, 39 Cal. App.4th 1176, 46 Cal.Rptr.2d 169that the client may not assert universally the attorney's noncompliance with section 6201(a) as a defense to the attorney's action for fees, without regard to the circumstances of the case or the client's conduct in defending the action.
[17] For instance, in Richards, supra, 39 Cal. App.4th 1176, 46 Cal.Rptr.2d 169, while the court concluded that dismissal for noncompliance with section 6201(a) was discretionary, it did not elaborate on the specific circumstances under which it would be appropriate to deny a client's motion to dismiss. Instead, it stated: "On occasion, the lawyer will not have superior bargaining power and a sophisticated client will know of its right to arbitration whether or not it received notice. Under those circumstances, mandatory dismissal would not further the policy behind section 6201 and could, in fact, work an injustice. Making dismissal discretionary, however, avoids such problems by giving the trial court the opportunity to consider all the relevant facts before deciding whether to dismiss." (Id. at p. 1180, 46 Cal.Rptr.2d 169.)
[18] In Juodakis v. Wolfrum (1986) 177 Cal. App.3d 587, 223 Cal.Rptr. 95, the appellate court affirmed the trial court's finding that the client had waived MFAA arbitration by filing a malpractice action against the attorney while arbitration was pending. The court rejected the client's argument that relied on contractual arbitration cases to support the proposition that waiver was a factual question, distinguishing those cases because in Juodakis, the issue was one of the waiver of a statutory right to arbitration. (Id. at p. 591, 223 Cal.Rptr. 95.) There, the court was not addressing a case in which the client was not given notice of his arbitration rights under section 6201(a). Moreover, in Juodakis, there was plain waiver of MFAA arbitration under the statute (§ 6201, subd. (d)). (Juodakis, supra, at p. 591, 223 Cal.Rptr. 95.) To the extent, however, that Juodakis may be construed as holding that principles of waiver in the contractual arbitration setting are of no value in determining the circumstances in which a client who is not given section 6201(a) notice may waive MFAA arbitration rights, we decline to follow that holding.
[19] Actually, Sobremonte asks "`whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay.'" (Sobremonte, supra, 61 Cal.App.4th at p. 992, 72 Cal. Rptr.2d 43, italics added.) Here, Client never sought to enforce his right to MFAA arbitration, and requested a dismissal with prejudice, not a stay, of the action.
[20] Before Saint Agnes, supra, 31 Cal.4th 1187, 8 Cal.Rptr.3d 517, 82 P.3d 727, the factors for determining arbitration waiver included "`whether the party seeking arbitration (1) has "previously taken steps inconsistent with an intent to invoke arbitration," (2) "has unreasonably delayed" in seeking arbitration, (3) or has acted in "bad faith" or with "wilful misconduct."' [Citations.]" (Christensen, supra, 33 Cal.3d 778, 782, 191 Cal. Rptr. 8, 661 P.2d 1088.) As is evident from our discussion ante, Client's waiver of MFAA arbitration rights is found in both the first and second factors identified by the Christensen court.
[21] "A member shall not enter into a business transaction with a client; or knowingly acquire an ownership, possessory, security, or other pecuniary interest adverse to a client, unless each of the following requirements has been satisfied: [¶] (A) The transaction or acquisition and its terms are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which should reasonably have been understood by the client; and [¶] (B) The client is advised in writing that the client may seek the advice of an independent lawyer of the client's choice and is given a reasonable opportunity to seek that advice; and [¶] (C) The client thereafter consents in writing to the terms of the transaction or the terms of the acquisition." (Rule 3-300.)
[22] Our holding does not imply that, were the subject transaction embraced by rule 3-300, Law Firm's noncompliance with that rule would void the transaction. (See BGJ Associates, LLC v. Wilson (2003) 113 Cal.App.4th 1217, 1227, 7 Cal.Rptr.3d 140 [conclusion that transaction violated rule 3-300 did "not determine the enforceability of the alleged oral contract," as rule violation subjects attorney to disciplinary proceedings but "does not in itself provide a basis for civil liability"].) Moreover, even if Client's unpleaded defense had any merit (which it did not), it was plainly beyond the scope of the pleadings and could not be considered in connection with the summary judgment opposition. "To create a triable issue of material fact, the opposition evidence must be directed to issues raised by the pleadings. [Citation.] If the opposing party's evidence would show some factual assertion, legal theory, defense or claim not yet pleaded, that party should seek leave to amend the pleadings before the hearing on the summary judgment motion. [Citations.]" (Distefano v. Forester (2001) 85 Cal. App.4th 1249, 1264-1265, 102 Cal.Rptr.2d 813.)
[23] Client admitted in opposition to the motion that he personally executed a prior promissory note in the face amount of $21,517.74, dated April 1, 1997, and that no part of this sum was paid. This 1997 note was replaced in 2001 by the promissory note signed by Client on which this suit was based. Moreover, in his answers to interrogatories that called for, inter alia, information concerning any defenses that he claimed, Client did not contend that the underlying obligation for fees was the responsibility of corporations that he controlled.